28259. LEWIS, administrator, *v.* GROVAS *et al.*

SUTTON, J. After proper citation to the administrator upon a petition by one of the heirs of the intestate, praying that he be required to make full settlement of the estate which he represented, the court of ordinary, upon a hearing of the case, rendered judgment against the administrator in a stated amount and interest, and ordered final settlement to be made with the heirs at law. No appeal from the judgment was taken within the time required by law, but thereafter a motion was filed by the administrator to set aside the judgment on the grounds, that it was illegal, null, and void, because it purported to be an adjudication of the rights of certain heirs who were not made parties and had not had their day in court; that it was predicated upon a mistake of fact in the calculation of interest to be paid by the administrator and as to an amount due by one of the heirs; and that the court erred in including in the amount to be paid by the administrator a sum which had not been paid to him by one of the heirs who was indebted to the estate. The court overruled the motion to set aside, reciting in its order that the issues

presented had been fully determined in the former judgment, that the motion to set aside and arrest and vacate the judgment was not the proper remedy, and that the defendant had failed to exercise his right of appeal to the superior court. The administrator appealed to the superior court, which court dismissed the appeal on the ground that the only remedy of the appellant was by certiorari. *Held:* The objection that certain heirs had not been served and had not had their day in court could not be invoked by the administrator; and the other grounds of the motion involved a consideration of evidence, which is not permissible on a motion to set aside a judgment, *Penn* v. *McGhee,* 6 *Ga. App.* 631 (5) (65 S. E. 686). The court of ordinary properly overruled the motion to set aside; and as the motion to set aside was without merit, regardless of whether appeal or certiorari was the proper remedy to review the judgment in question, the judge of the superior court is directed to enter thereon a judgment overruling and denying the motion to set aside instead of the order of dismissal. The Court of Appeals has power to give direction as to the final disposition of a case pending in the court below, where such direction is consistent with the law and justice of the case. *Finley* v. *Southern Railway Co.,* 5 *Ga. App.* 722 (64 S. E. 312); *Reeves Tractor &c. Co.* v. *Barrow,* 30 *Ga. App.* 420 (10) (118 S. E. 456); *United States Fidelity &c. Co.* v. *Clarke,* 187 *Ga.* 774, 793 (2 S. E. 2d, 608).

*Judgment affirmed, with direction. Stephens, P. J., and Felton, J., concur.*

DECIDED MAY 24, 1940.

*Arthur L. Purvis,* for plaintiff in error.
*W. F. Slater, J. P. Dukes,* contra.