## A95A1910. TWEEDELL v. THE STATE.
### (462 SE2d 181)

BLACKBURN, Judge.

Following a trial by jury, John Tweedell was convicted of one count of battery in violation of OCGA § 16-5-23.1. This appeal followed.

While the victim, Marcus Cunningham, was in line to pay for a pack of cigarettes at a convenience store, Tweedell entered the store and challenged Cunningham to a fight. As Cunningham attempted to exit the store, Tweedell struck him with his fist. The store manager separated them and ordered them to leave the premises. Tweedell followed Cunningham's car until Cunningham stopped; Tweedell then repeatedly struck Cunningham with his fist until Cunningham's brother heard the commotion outside and chased Tweedell away.

1. On appeal, Tweedell asserts the trial court erred in permitting the State to inquire as to whether defense witnesses had discussed their testimony with defendant's counsel prior to trial. He argues that this inquiry adversely affected the credibility of the defendant's witnesses.

The record shows that the State asked several of the defendant's witnesses when they first discussed this case with defendant's counsel. One of the witnesses stated she had met with counsel four or five times prior to testifying. The other stated he discussed the case with counsel for the first time on the morning of trial. The State also inquired of its own witnesses, the victim and his girl friend, whether they had discussed their testimony with the prosecutor prior to coming to court, and they testified they had not.

The breadth of cross-examination of a witness is within the discretion of the trial court, "and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused." (Punctuation omitted.) *Walker v. State*, 215 Ga. App. 790, 791 (452 SE2d 580) (1994). "The State, like any other party, has the right to conduct a thorough and sifting cross-examination of a witness as to any material issue." *Wilkey v. State*, 215 Ga. App. 354, 355 (450 SE2d 846) (1994). After a review of the record, we conclude that the prosecutor's questions related to the witnesses' credibility, a line of inquiry which is always relevant and material and therefore admissible. Under the circumstances, we find no abuse of discretion.

2. Tweedell alleges that after defense counsel inadvertently failed to call defendant to testify, the trial court erred by refusing to allow defense counsel to correct this oversight.

"It is well settled that the reopening of the evidence is within the sound discretion of the trial court. That decision will not be disturbed absent an abuse of discretion. [Cits.]" *Killens v. State*, 184 Ga. App. 717, 721 (362 SE2d 425) (1987). The defense presented several witnesses after which it rested. The court inquired whether any further evidence was forthcoming from the defense, to which defense counsel responded in the negative. Only after the State presented rebuttal witnesses, the charge conference, and a lunch break (during which it appears the defendant spoke to the victim) did defense counsel seek

to reopen the evidence so the defendant could testify. No proffer was made as to Tweedell's testimony at the trial level; therefore, we are unable to ascertain how he was harmed by the court's ruling. *Mooneyham v. State*, 251 Ga. 404, 408 (306 SE2d 272) (1983). We conclude there was no abuse of discretion by the trial court in this matter.

To the extent counsel is alleging ineffective assistance of counsel, by this enumeration of error, we find that such issue is not properly before us. Normally claims for ineffective assistance of counsel raised for the first time on appeal are remanded to the trial court for an evidentiary hearing. *Smith v. State*, 255 Ga. 654, 656 (341 SE2d 5) (1986). However, in this case the defendant's trial counsel is also his appellate counsel. "[D]efense counsel is precluded from presenting a claim of ineffective assistance of counsel concerning a trial in which he participated due to the ethical prohibition against a lawyer acting as a witness." *McGuire v. State*, 185 Ga. App. 233, 238 (363 SE2d 850) (1987). However, defendant's right to raise an ineffective assistance of counsel claim is not waived but is not properly presented before this Court, and thus, we cannot address it at this time. *Dobbs v. State*, 199 Ga. App. 793, 796 (406 SE2d 252) (1991). See also *Nixon v. State*, 255 Ga. 656, 657, n. 1 (340 SE2d 7) (1986).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 13, 1995.

*James W. Bradley*, for appellant.
*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor*, for appellee.