### A09A0614. THE STATE v. YAPO.
(674 SE2d 44)

BLACKBURN, Presiding Judge.

Following a pre-trial evidentiary hearing, the trial court found that Alain Yapo was immune from prosecution under OCGA § 16-3-24.2 for two battery charges brought by the State, which immunity was based on a court finding that Yapo was acting in self-defense. The State appeals. Because we hold that evidence supported the finding of the trial court, we affirm.

Construed in favor of the trial court's ruling, the evidence shows that Yapo and his girlfriend disagreed over which of them should be driving Yapo's car after a stop at a gas station. The girlfriend finally gave the keys to Yapo, but as Yapo drove onto the interstate, the girlfriend refused to close the back door where she was sitting, causing Yapo to pull off to the side of the freeway. She exited the vehicle, picking up a large bolt from the side of the road and throwing it at the windshield, shattering the glass. She then got back into the car behind the driver's seat (where Yapo was sitting) and kicked the back of the seat so hard that it propelled the seat and Yapo forward into the steering wheel and broke the seat. To restrain the girlfriend from further violence, Yapo grabbed her with his arms in a "bear hug." Someone called police, resulting in an officer arriving at the scene and arresting Yapo.

The State indicted Yapo on three counts: family violence battery[1] (for allegedly choking the girlfriend), simple battery[2] (again for allegedly choking the girlfriend), and disorderly conduct[3] (for allegedly acting in a tumultuous manner toward the girlfriend, which placed her in fear for her life). Yapo moved to dismiss the two battery counts, claiming that because he was acting in self-defense, he was immune from criminal prosecution on these counts. The court conducted an evidentiary hearing on this motion, during which the girlfriend testified to the above facts. Claiming that the girlfriend had told police she had been choked, the State chose only to cross-examine the girlfriend, who denied telling police such; the State called no witnesses and introduced no evidence in support of its

---

[1] OCGA § 16-5-23.1 (f).
[2] OCGA § 16-5-23 (a).
[3] OCGA § 16-11-39 (a) (1).

theory. The court found the girlfriend's testimony credible and ruled that Yapo was immune from prosecution on the battery counts and could only be prosecuted on the disorderly charge. The State appeals.

1. We first address the jurisdictional basis for this appeal. By ruling that Yapo was immune from prosecution on the battery counts, the court in effect dismissed those two counts of the indictment. "[W]hen the ruling of the trial court is in substance a dismissal of the indictment, the State may appeal an order dismissing an indictment under OCGA § 5-7-1 (a) (1). . . ." (Punctuation omitted.) *State v. Swint*.[4] Because OCGA § 5-7-1 (a) (1) provides that the State may appeal an order dismissing "any count" of the indictment, the court's ruling here that in effect dismissed two of the three counts was appealable. See *State v. Barrett*.[5] See also *State v. Mills*.[6] Contrary to the State's second argument, however, the basis for appellate jurisdiction could not be that the order was void (and therefore appealable under OCGA § 5-7-1 (a) (5)), as the order was entered by a court of competent jurisdiction. See *State v. Glover*.[7]

2. Claiming that such will disrupt future domestic-violence prosecutions, the State argues that Yapo should not be able to escape prosecution by having the victim in a pre-trial hearing recant prior statements made to police, as domestic violence victims often recant out of emotional feelings for the accused. However, OCGA § 16-3-24.2 allows for that possibility, for the statute grants the defendant immunity from prosecution if he can present evidence that persuades the trial court in a pre-trial hearing that he was acting in self-defense.

OCGA § 16-3-24.2 provides: "A person who uses threats or force in accordance with Code Section 16-3-21, 16-3-23, 16-3-23.1, or 16-3-24 shall be immune from criminal prosecution therefor [with an exception inapplicable here]." OCGA § 16-3-21 (a) provides that "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force. . . ." This "decision as to whether a person is immune under OCGA § 16-3-24.2 must be determined by the trial court before the trial of that person commences." *Boggs v. State*.[8] See *Fair v. State*.[9] In this pre-trial hearing, the burden is on the defendant to show by a preponderance

[4] *State v. Swint*, 284 Ga. App. 343 (1) (643 SE2d 840) (2007).
[5] *State v. Barrett*, 215 Ga. App. 401, 402, n. 1 (451 SE2d 82) (1994).
[6] *State v. Mills*, 268 Ga. 873 (495 SE2d 1) (1998).
[7] *State v. Glover*, 281 Ga. 633 (641 SE2d 543) (2007).
[8] *Boggs v. State*, 261 Ga. App. 104, 106 (581 SE2d 722) (2003).
[9] *Fair v. State*, 284 Ga. 165, 166 (1) (664 SE2d 227) (2008).

of the evidence that he is entitled to immunity. *Bunn v. State.*[10] As with all pre-trial hearings involving the presentation of live disputed evidence and resolutions of credibility by the trial court, we apply the "any evidence" standard when reviewing the court's findings of fact. See, e.g., *Tate v. State;*[11] *State v. Gray.*[12]

Here, the testimony of the girlfriend provided some evidence that Yapo's actions in physically restraining her (whether characterized as choking or bear-hugging) were justified under OCGA § 16-3-21 (a). There is no requirement that Yapo had to admit to the specific allegations of violence in order to obtain the protection of this statute. Because the trial court found the girlfriend's testimony credible (which is hardly surprising in light of the State's curious decision to present no contrary testimony), the court properly held that Yapo was immune from prosecution for the battery charges. The State's lamentations on appeal that this will make difficult its prosecution of future domestic-violence cases and of the remaining disorderly conduct charge here are hardly reason to overturn the trial court's factual findings.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 17, 2009.

*Robert D. James, Jr., Solicitor-General, LeRoya Chester Jennings, Assistant Solicitor-General*, for appellant.

*Fortin & Fortin, Dennis R. Fortin, Thais A. Fortin*, for appellee.

[10] *Bunn v. State*, 284 Ga. 410, 413 (3) (667 SE2d 605) (2008).
[11] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).
[12] *State v. Gray*, 267 Ga. App. 753, 753-754 (1) (600 SE2d 626) (2004).