S09A1145. THE STATE v. BURKS.

(684 SE2d 269)

THOMPSON, Justice.

Rufus Leonard Burks was indicted by a grand jury in Muscogee County and charged with murder, felony murder (two counts), voluntary manslaughter, aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a homicide, and tampering with evidence. Burks filed a motion to quash the indictment on the ground that he is immune from

prosecution under OCGA § 16-3-24.2.[1] The State moved to dismiss the motion to quash, arguing that Burks was not entitled to immunity because, as a convicted felon, it was unlawful for him to carry or possess a firearm. After an evidentiary hearing, the motion to quash was granted. As the court's order dismisses the indictment against Burks, the State was entitled to file this direct appeal under OCGA § 5-7-1 (a) (1).

At the hearing on the motion to quash, the State introduced without objection a certified copy of a 2001 indictment charging Burks with two felony counts of selling marijuana, along with the final disposition sheet reflecting a negotiated guilty plea to those charges and the entry of judgment of conviction and sentence of three years in confinement. Eyewitness testimony at that hearing established that Burks was hosting a Labor Day barbeque party at his home when Eddia Moss drove up to the house with several friends in his car. Burks told Moss that he had not been invited and he instructed Moss to leave. An argument ensued between the two men and angry words were exchanged. Burks then entered his home and Moss followed him inside where the argument continued. The evidence was in conflict as to what transpired next but at some point, Moss picked up a clothes iron and Burks shot and killed Moss.

1. The State asserts that the trial court erred in granting Burks' motion to dismiss because the defense of immunity under OCGA § 16-3-24.2 does not apply if the person invoking the immunity statute is carrying a weapon unlawfully. We agree.

OCGA § 16-3-24.2 provides statutory immunity for a person using force that arose in defense of habitation in accordance with OCGA § 16-3-23.[2] Immunity from criminal prosecution is available to a person using threats or force in defense of habitation *"unless in the use of deadly force, such person utilizes a weapon the carrying . . . of which is unlawful by such person under [OCGA § 16-11-120 et seq., Georgia Firearms and Weapons Act]."* (Emphasis supplied.) The uncontroverted evidence established that Burks, a convicted felon, used a firearm to shoot Moss. OCGA § 16-11-131 of the Georgia

---

[1] That Code section provides in pertinent part:

A person who uses threats or force in accordance with Code Section . . . 16-3-23 [in defense of habitation] shall be immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under [OCGA § 16-11-120 et seq., Georgia Firearms and Weapons Act].

[2] Under OCGA § 16-3-23, a person is justified in threatening or using force against another in defense of habitation when and to the extent the defender reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon a habitation; however, the defender is justified in using force which is intended or likely to cause death or great bodily injury only under three specified conditions as set forth in subsections (1), (2), or (3).

Firearms and Weapons Act criminalizes the possession of a firearm by a convicted felon.

In *Millen v. State*, 267 Ga. App. 879 (2) (b) (600 SE2d 604) (2004), our Court of Appeals examined the immunity statute in the context of an ineffective assistance of counsel claim. Millen claimed that his trial counsel was ineffective in failing to demand a pretrial hearing to determine whether he was immune from prosecution under OCGA § 16-3-24.2. See *Fair v. State*, 284 Ga. 165 (1) (664 SE2d 227) (2008) (trial court must rule on a motion for immunity prior to trial). The Court of Appeals ruled that any oversight on counsel's part could not have prejudiced Millen because he was a convicted felon who could not lawfully possess a firearm and therefore was not entitled to immunity under OCGA § 16-3-24.2. Where the statutory words are "plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words." *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999). Thus, we are of the opinion that the Court of Appeals correctly applied the statutory exclusion language of OCGA § 16-3-24.2 in *Millen*, supra. For similar reasons, we hold that Burks, a convicted felon in possession of a weapon, may not as a matter of law benefit from the pretrial immunity statute.[3]

*Heard v. State*, 261 Ga. 262 (3) (403 SE2d 438) (1991) does not compel a contrary result. In *Heard*, the Court held that a convicted felon in possession of a weapon may assert a claim of self-defense and is entitled to a jury instruction under OCGA § 16-3-21 (a) where "authorized by the facts, and the prohibition of OCGA § 16-3-21 (b) (2) does not apply."[4] Id. at 263. The statute under consideration in *Heard* was OCGA § 16-3-21 (self-defense); OCGA § 16-3-24.2 was enacted by Ga. L. 1998, p. 1153, § 1.2, some seven years after *Heard* was decided. Furthermore, *Heard* supports the State's position that immunity may not be invoked as a defense where, as here, it is specifically prohibited by statute.

2. We do not reach the State's remaining claim of error that the trial court erred in retaining the case beyond the court's six-month trial calendar and not transferring it to another judge. Assuming without deciding that the State may appeal such a determination, see OCGA § 5-7-1, we find no judgment, ruling, or order in the

---

[3] Of course, Burks is not precluded from raising the affirmative defense of justification in further proceedings below.

[4] Subsection (b) (2) prohibits invocation of a justification defense for one who is "attempting to commit, committing, or fleeing after the commission or attempted commission of a felony." Other exclusions to the defense of justification are enumerated in OCGA § 16-3-21 (b) (1) and (3).

record on appeal which specifically adjudicates that claim. See OCGA § 5-6-34 (a).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Julia F. Slater, District Attorney, Douglas L. Breault, Assistant District Attorney*, for appellant.

*Frank K. Martin, John T. Martin*, for appellee.