## S10A0446. MULLINS v. THE STATE.
### (695 SE2d 621)

HUNSTEIN, Chief Justice.

In June 2008 appellant Brandon Mullins was indicted for murder and other crimes in connection with the shooting death of Rafael Watson. He filed a pre-trial motion for immunity from prosecution pursuant to OCGA § 16-3-24.2 claiming self-defense and defense of others. The trial court denied the motion, and this Court granted Mullins' application for interlocutory appeal. See *Crane v. State*, 281 Ga. 635 (641 SE2d 795) (2007). Finding no error in the trial court's ruling, we affirm.

1. Mullins contends that the trial court erred by denying his motion for immunity under OCGA § 16-3-24.2. That statute provides that

> [a] person who uses threats or force in accordance with Code Section 16-3-21 . . . shall be immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under Part 2 or 3 of Article 4 of Chapter 11 of this title.

OCGA § 16-3-21 (a) in turn provides, in part, that

> . . . a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.

Thus, in order to be entitled to immunity from prosecution Mullins bore the burden of showing by a preponderance of the evidence that he had a reasonable belief that shooting the victim was necessary to prevent death or great bodily harm to himself or the others present. See *Bunn v. State*, 284 Ga. 410, 413 (3) (667 SE2d 605) (2008). The trial court properly held a pre-trial hearing, *Fair v. State*, 284 Ga. 165, 166 (1) (664 SE2d 227) (2008) and considered live testimony. Compare *Blazer v. State*, 266 Ga. App. 743, 745 (1) (598 SE2d 338) (2004) (trial court made pre-trial ruling based on affidavits). On appeal, we review the evidence in the light most favorable to the trial court's ruling, and we accept the trial court's findings with regard to questions of fact and credibility if there is any evidence to support them. See *State v. Yapo*, 296 Ga. App. 158, 160 (674 SE2d 44) (2009).

The evidence presented at the hearing shows that Mullins had

previously obtained drugs from the victim and still owed the victim several hundred dollars for the drugs. On the day of the shooting Mullins was walking along the street with his mother and young cousin and was approached by a friend who told him that the victim had said for Mullins to stop avoiding him and to pay what he owed. Just then the victim drove by, saw Mullins, turned around, and pulled into a parking lot close to Mullins. Mullins approached the victim, who was alone in the car, and said that he was going to pay him, but he needed a few more days. Mullins then turned and began to walk away. His mother, however, approached the victim and offered to get the money. The victim then made a comment to Mullins that he was lucky his mother was there because otherwise the victim would harm or kill him. Mullins reacted to the mention of his mother and walked back toward the car. The victim repeated his comment and opened the car door. Mullins quickly pulled a gun from his waistband and started shooting the victim; Mullins then ran away. Although Mullins' mother and friend testified that they believed the victim might have been reaching for a gun, neither saw a gun, and the police did not recover a gun from the car or from the surrounding area.

At the conclusion of the hearing, the trial court stated that it had assessed the credibility of all the witnesses and found that Mullins did not act with a reasonable belief that his action was necessary to prevent death or great bodily injury or harm either to himself or a third person. We conclude that the trial court's finding was not clearly erroneous, and therefore, it did not err by denying the motion for immunity.

2. Mullins also urges the Court to hold that a direct appeal is authorized from the trial court's denial of a motion for immunity and thus overrule *Crane v. State*, supra, 281 Ga. at 637. However, we decline to revisit the issue.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2010.

*Glynn R. Stepp*, for appellant.
*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.