## S10A0639. THE STATE v. GREEN.
### (701 SE2d 151)

BENHAM, Justice.

Jeffrey Waldon died on January 19, 2008, when his femoral artery was punctured by a knife held by appellee Deiran Green during a physical struggle between Waldon and Green. Green was charged in an indictment returned by a Fulton County grand jury with malice murder, felony murder (with aggravated assault as the predicate offense), aggravated assault by stabbing the victim with a knife, and possession of a knife during the commission of a felony. Contending he was acting in defense of self when Waldon was fatally stabbed, Green filed a motion to dismiss the indictment and enter nolle prosequi on the ground that he was immune from criminal prosecution. See OCGA § 16-3-24.2.[1] After conducting a hearing on the motion, the trial court issued two orders on the same day. One order concluded, pursuant to OCGA § 16-3-24.2, that Green was immune from prosecution after setting out the facts that led to the death of Waldon and finding that Green did not provoke or initiate

---

[1] OCGA § 16-3-24.2 provides, in pertinent part:

A person who uses threats or force in accordance with Code Section . . . 16-3-21 [in defense of self] shall be immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under [the Georgia Firearms and Weapons Act, OCGA § 16-11-120 et seq.].

OCGA § 16-3-21 (a) states that ". . . a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes such force is necessary to prevent death or great bodily injury to himself . . . or to prevent the commission of a forcible felony."

the confrontation with Waldon, that Green was not in the commission of a crime at the time of the confrontation with Waldon, and that Green had not agreed to engage in mutual combat with Waldon at the time of the confrontation. See OCGA § 16-3-21 (b) (setting out three circumstances in which a person is not justified in using force in defense of self or others). In the other order issued the same day, the trial court reiterated its OCGA § 16-3-21 (b) findings and ordered that the case against Green be placed on the dead docket. Neither order expressly dismissed or quashed the indictment or any count therein. Compare *State v. Burks*, 285 Ga. 781 (684 SE2d 269) (2009) (where trial court granted immunity and quashed the indictment). The State filed a direct appeal pursuant to OCGA § 5-7-1 (a) (1).

1. " '(I)t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. [Cit.]' " *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). The right of appeal is legislatively granted and the State does not have a right to appeal from a decision in a criminal proceeding except as provided by statute. *State v. Smith*, 268 Ga. 75 (485 SE2d 491) (1997). OCGA § 5-7-1 (a) (1) authorizes an appeal by the State "[f]rom an order, decision, or judgment setting aside or dismissing any indictment, accusation, . . . or any count thereof[.]" The trial court's determination that Green was immune from prosecution under OCGA § 16-3-24.2 "in effect dismissed the entire indictment" and authorized the State's appeal of the order under OCGA § 5-7-1 (a) (1). *State v. Bunn*, 288 Ga. 20 (701 SE2d 138) (2010).

2. "[A] defendant bears the burden of showing that he is entitled to immunity under OCGA § 16-3-24.2 by a preponderance of the evidence." *Bunn v. State*, 284 Ga. 410 (3) (667 SE2d 605) (2008). "On appeal, we review the evidence in the light most favorable to the trial court's ruling, and we accept the trial court's findings with regard to questions of fact and credibility if there is any evidence to support them." *Mullins v. State*, 287 Ga. 302 (1) (695 SE2d 621) (2010). The trial court's application of the law is subject to de novo appellate review. Cf. *State v. Burks*, supra, 285 Ga. 781 (1).

After presiding over an evidentiary hearing on the issue of immunity from prosecution, the trial court found that Green, who rented a room from Mr. and Mrs. Waldon, was confronted by an angry and irate Waldon as Green conversed with Mrs. Waldon in the kitchen while Green prepared dinner with the aid of a butcher knife. Waldon, angry that Green was talking with Mrs. Waldon, told Green to leave the house and said he would refund Green's pre-paid rent. Waldon left the kitchen and went to his bedroom as Green, still carrying the butcher knife, waited near an exterior door for the

money. Waldon grabbed Green's wrists and, during the ensuing struggle, head-butted Green, at which time the butcher knife in Green's hand entered Waldon's right thigh and punctured the femoral artery. The trial court found that Green never attempted to stab or injure Waldon with the knife. A review of the transcript of the hearing shows Green testified that he did not trust Waldon when he left the kitchen to get Green's money, that Green continued to hold the butcher knife by his side in order to protect himself, and that Green did not attempt to stab or cut Waldon with the knife. Green also testified that Waldon commented on Green's possession of the knife, that Green told Waldon he was not going to hurt him and only wanted the refund of his rent money, and that Waldon grabbed Green's wrists and head-butted Green. The county medical examiner testified that Waldon could have received the fatal injury in the manner as described by Green when Waldon head-butted Green.

The State contends the trial court erred as a matter of law in concluding Green was immune from prosecution because Green did not establish a prima facie case of justification. Noting the trial court's factual finding that Green had not stabbed or injured Waldon and Green's testimony that he did not stab or cut Waldon, the State points out there was no evidence Green used force against Waldon, a necessary prerequisite under OCGA § 16-3-21 to a finding of justification concerning the murder and aggravated assault charges. See *Mullins v. State*, supra, 287 Ga. 302 (1) (to be entitled to immunity from prosecution, a defendant charged with murder must prove by a preponderance of the evidence that he had a reasonable belief that inflicting the fatal injury on the victim was necessary to prevent death or great bodily harm to the defendant or others present).

In reaching its conclusion that Green was immune from prosecution, the trial court made no finding that Green was justified under OCGA § 16-3-21 (a) in using force which was intended or likely to cause death or great bodily harm because he reasonably believed that such force was necessary to prevent death or great bodily harm to himself. Instead, the trial court ruled that Green was immune from prosecution because he did not commit any of the acts that statutorily preclude a finding of justification. See OCGA § 16-3-21 (b). While the commission of any of the three acts listed in OCGA § 16-3-21 (b) does preclude a finding of justification, the converse of that statement — that the lack of the commission of any of the three acts demands a finding of justification — is not legally sound. Subsection (a) of OCGA § 16-3-21 requires that the person claiming justification in a murder prosecution establish that he held a reasonable belief that the use of deadly force against the decedent was necessary to prevent the defendant's death or great bodily injury. *Mullins v. State*, supra, 287 Ga. 302 (1). The trial court did not

take into account subsection (a) of OCGA § 16-3-21 when it concluded that Green was immune from prosecution.

Because the trial court used an incorrect legal standard in reaching its decision that Green was immune from prosecution, we remand the case to the trial court in order that it might employ the proper legal standard and issue a ruling. See *Bunn v. State*, supra, 284 Ga. at 413.

*Case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys*, for appellant.
*Theodore Johnson*, for appellee.