## A11A0102. THE STATE v. COHEN.
(711 SE2d 418)

MILLER, Presiding Judge.

In a five-count accusation, defendant Marvin Cohen ("Cohen"), a former elementary school teacher, was accused of committing simple battery against three elementary school children. The State appeals the dismissal of the accusation predicated on the grant of Cohen's motion for immunity from criminal liability under OCGA § 20-2-1001. Finding no merit in the State's contentions that the trial court erred in dismissing the accusation, and impermissibly interfered with its duty and right to prosecute the crimes, we affirm.

OCGA § 20-2-1001 provides:

> (a) As used in this Code section, the term "educator" means any principal, school administrator, teacher, guidance counselor, paraprofessional, school bus driver, volunteer assisting teachers in the classroom, tribunal members, or certificated professional personnel.
>
> (b) An educator shall be immune from criminal liability for any act or omission concerning, relating to, or resulting from the discipline of any student or the reporting of any student for misconduct, provided that the educator acted in good faith.

Cohen was the teacher of the elementary school class which included the alleged victims. The State acknowledges that pursuant to OCGA § 20-2-1001, Cohen, as an educator, cannot be held criminally liable for any act resulting from the discipline of the students, provided Cohen acted in good faith. Additionally, the State apparently accepts the trial court's conclusion that Cohen's actions were the result of the need to discipline the students and to maintain order. The State's contentions on appeal question only whether Cohen acted in good faith.

Here, the trial court decided the question of immunity pursuant to OCGA § 20-2-1001 following a pre-trial evidentiary hearing. Cohen bears the burden of showing that he is entitled to immunity by a preponderance of the evidence. *See Bunn v. State*, 284 Ga. 410, 412-413 (667 SE2d 605) (2008) (concluding that defendant bears the burden of showing that he is entitled to immunity by a preponderance of the evidence based on a similar immunity provision under

OCGA § 16-3-24.2). And, the appropriate standard of review on appeal of the trial court's findings of fact is the "any evidence" standard. See *State v. Yapo*, 296 Ga. App. 158, 160 (2) (674 SE2d 44) (2009).

The State's theory that Cohen was not acting in good faith is largely predicated on evidence that Cohen had not complied with a school no-touch policy and had ignored instructions regarding that policy which he had received in his in-service training. Cohen was a new teacher at the school, and it appears that the school administration soon had concerns regarding his methods of disciplining the children.

However, the exact nature of the school policy at issue is not clear from the record. The school's principal first testified that she met with, and "shared with Mr. Cohen that under no circumstances was he ever to put his hands on a child." But, the principal also describes the proscribed conduct as "negatively touching a student," and also states that "[t]eachers are not to touch students. Now, teachers can hug a student. . . ." And, on cross-examination, the principal agreed that there are some situations in which a teacher may touch a student as part of maintaining order, although there might be disagreement as to the amount of touching that is needed.

In this case, there is undoubtedly such a disagreement as to the need for the amount of physical contact utilized by Cohen with respect to the students. Each of the allegations against Cohen charges that he grabbed or pushed one of the students. And, there is ample evidence that Cohen did in fact repeatedly grab or push a student.

Nonetheless, Cohen's testimony shows that the instances of physical contact with a student were for the purpose of maintaining discipline and order. Cohen testified that he grabbed a student and pushed him to the other side of the hall to separate two boys who were acting as though they were about to start a fight. He pushed down on the shoulder of an unruly student in order to encourage him to be seated. Cohen further stated that he sometimes placed a hand on the shoulder of a student to get his or her attention.

One of the alleged victims apparently did not remember a hand placed on his shoulder and testified that he had never been touched by Cohen. The other two alleged victims had not been hurt by Cohen. The principal who testified as to observing inappropriate touching never intervened or checked a child for injuries.

Cohen testified that, as a school teacher, he had a duty to maintain order and discipline. Specifically, Cohen stated that when he saw the beginning of a fight, he felt an obligation to step in and do something. Yet, the task of maintaining order in Cohen's class was difficult, because other teachers had transferred their students who

were discipline problems to his new class, so that he had the worst behaved students.

In view of the evidence of record, the trial court was authorized to conclude that Cohen acted in good faith in his role as a teacher to maintain discipline and order. *State v. Yapo*, supra, 296 Ga. App. at 160. Therefore, the grant of Cohen's motion for immunity and motion to dismiss is affirmed.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

## DECIDED JUNE 13, 2011.

*Nicole D. Marchand, Solicitor-General, Angel W. Riley, Assistant Solicitor-General*, for appellant.

*Hall & Hirsh, Andrew C. Hall*, for appellee.