## S11A1037. THE STATE v. GREEN.

(716 SE2d 194)

MELTON, Justice.

Jeffrey Waldon died on January 19, 2008, when his femoral artery was punctured by a knife held by Deiran Green during a physical struggle between the two men.[1] The State indicted Green

---

[1] This is the second appearance of this case in this Court. In the prior appeal (*State v. Green*, 288 Ga. 1, 2-3 (2) (701 SE2d 151) (2010) ("*Green I*")), this Court recited the facts as follows:

[T]he trial court found that Green, who rented a room from Mr. and Mrs. Waldon, was confronted by an angry and irate Waldon as Green conversed with Mrs. Waldon in the kitchen while Green prepared dinner with the aid of a butcher knife. Waldon, angry that Green was talking with Mrs. Waldon, told Green to leave the house and said he would refund Green's pre-paid rent. Waldon left the kitchen and went to his bedroom as Green, still carrying the butcher knife, waited near an exterior door for the money. Waldon grabbed Green's wrists and, during the ensuing struggle, head-butted Green, at which time the butcher knife in Green's hand entered Waldon's right thigh and punctured the femoral artery. The trial court found that Green never attempted to stab or injure Waldon with the knife. A review of the transcript of the hearing shows Green testified that he did not trust Waldon when he left the kitchen to get Green's money, that Green continued to hold the butcher knife by his side in order to protect himself, and that Green did not attempt to stab

for malice murder, felony murder (with aggravated assault as the underlying offense), aggravated assault, and possession of a knife during the commission of a felony. On November 16, 2009, Green filed a motion to dismiss the indictment, arguing that he was immune from criminal prosecution pursuant to OCGA § 16-3-24.2.[2] The trial court granted Green's motion on November 19, 2009, finding that: (1) Waldon had assaulted Green by head-butting him in the mouth; (2) at the time of the confrontation, Green was in fear of death, or in fear of having a forcible felony committed against him by Waldon; and (3) Waldon had placed Green in reasonable fear for his life, which indicated that Green had acted in his own self-defense pursuant to OCGA § 16-3-21.[3] The State appeals.[4] As explained more fully below, because evidence supported the trial court's finding, we affirm.

1. The State argues that the trial court erred in concluding that Green was immune from prosecution because the use of force is a necessary prerequisite under OCGA § 16-3-21 to a finding of justification and there was no evidence that Green used force against Waldon. We disagree.

Contrary to the State's contention, OCGA § 16-3-21 does not require that a person use actual force to support a claim for justification. Pursuant to OCGA § 16-3-21 (a), "[a] person is justified in *threatening* or using force against another when and to the extent

---

or cut Waldon with the knife. Green also testified that Waldon commented on Green's possession of the knife, that Green told Waldon he was not going to hurt him and only wanted the refund of his rent money, and that Waldon grabbed Green's wrists and head-butted Green. The county medical examiner testified that Waldon could have received the fatal injury in the manner as described by Green when Waldon head-butted Green.

This Court remanded the case to the trial court with direction to apply the correct legal standard to determine whether Green was immune from prosecution. Id. at 3. Specifically, the court needed to determine whether Green was "justified under OCGA § 16-3-21 (a) [use of force in defense of self or others] in using force which was intended or likely to cause death or great bodily harm because he reasonably believed that such force was necessary to prevent death or great bodily harm to himself." Id. The current appeal stems from the trial court's finding that Green was still entitled to immunity when the case was considered under the proper standard as set forth in *Green I*.

[2] OCGA § 16-3-24.2 provides in relevant part that "[a] person who uses threats or force in accordance with Code Section 16-3-21 ... shall be immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under Part 2 or 3 of Article 4 of Chapter 11 of this title."

[3] OCGA § 16-3-21 (a) provides in pertinent part that "a person is justified in threatening or using force against another when and to the extent that [he] reasonably believes that such threat or force is necessary to defend [himself] against such other's imminent use of unlawful force."

[4] The trial court's determination that Green was immune from prosecution under OCGA § 16-3-24.2 "in effect dismissed the entire indictment" and authorized the State to appeal the order under OCGA § 5-7-1 (a) (1). *State v. Bunn*, 288 Ga. 20, 21 (701 SE2d 138) (2010).

that [he] reasonably believes that such *threat* or force is necessary to defend [himself] against such other's imminent use of unlawful force" (emphasis supplied). See also OCGA § 16-3-24.2 ("A person who uses *threats* or force in accordance with Code Section 16-3-21 . . . shall be immune from criminal prosecution.") (emphasis supplied). Thus, a mere *threat* of force is all that is required when one reasonably believes that he must defend himself against another's imminent use of unlawful force. In this regard, a person is justified in going beyond merely threatening to use force and actually "using force which is intended or likely to cause death or great bodily harm . . . if he . . . reasonably believes that such force is necessary to prevent death or great bodily injury to himself." OCGA § 16-3-21 (a).

Viewed in the light most favorable to the trial court's ruling, *Mullins v. State*, 287 Ga. 302 (1) (695 SE2d 621) (2010), the record reveals that Waldon was totally irrational, that Green did not know what Waldon was going to do, and that Green held onto the knife for "protection" and to "scare" Waldon. Waldon knew that Green had the knife, and Waldon nevertheless violently attacked him. By holding onto the knife for his own protection and to scare Waldon, Green was, at the very least, showing a threat of force to Waldon in direct response to an imminent violent attack from Waldon. See OCGA § 16-3-21. Moreover, the evidence supports the conclusion that Green reasonably believed that he needed to defend himself from a violent attack from Waldon that could have caused him great bodily injury. Thus, Green would have been justified in using deadly force against Waldon to protect himself, although he was not *required* to do so in order to be immune from prosecution. See OCGA §§ 16-3-21 and 16-3-24.2. Accordingly, the evidence was sufficient for the trial court to determine that Green met his burden of proving that he was entitled to immunity from prosecution pursuant to OCGA § 16-3-24.2. See *Bunn v. State*, 284 Ga. 410 (3) (667 SE2d 605) (2008) (defendant must prove to trial court by preponderance of evidence that he is entitled to immunity).

2. Because the trial court was authorized to find that Green acted in self-defense pursuant to OCGA § 16-3-21 such that he was entitled to immunity from prosecution, the State's argument that Green somehow was not entitled to immunity because he was engaged in the crime of aggravated assault during the confrontation with Waldon is without merit. Green obviously was not engaged in a crime at the time of Waldon's death because his actions supported the trial court's finding of justification. *Demery v. State*, 287 Ga. 805, 809 (3) (700 SE2d 373) (2010) ("[I]f [a defendant] is justified in killing under OCGA § 16-3-21, he is guilty of no crime at all") (citation and punctuation omitted).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Paige R. Whitaker, Assistant District Attorneys,* for appellant.
*Theodore Johnson,* for appellee.