**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 26, 2013**

# In the Court of Appeals of Georgia

A13A1094. THE STATE v. COOPER et al.

McFADDEN, Judge.

The state indicted Christopher Cooper on two counts of aggravated assault for striking two persons with a crow bar, Latrenia Walls on two counts of aggravated assault for striking two persons with a crow bar, and Lonell Walls on one count of simple battery for striking someone with his fists. In pleas in bar, the defendants moved for immunity from prosecution under OCGA § 16-3-24.2, arguing that they had acted in defense of themselves and others. At the hearing on the motions, the state chose not to put on any evidence or cross-examine any defense witnesses. After the hearing, the state moved to reopen the evidence. In the order on appeal, the trial court granted the defendants' motions for immunity and denied the state's motion to reopen the evidence. The hearing evidence authorized the trial court to find that the

defendants reasonably believed that there was a danger of imminent death or great bodily injury to one or more of their group and that the force they used was necessary to defend themselves from a violent attack, entitling them to immunity. And the state has not shown that the trial court abused its discretion in declining to reopen the evidence. Accordingly, we affirm.

1. *Motions for immunity from prosecution.*

In their motions for immunity from prosecution, the defendants argued that they used force in accordance with OCGA § 16-3-21. That Code section provides, in pertinent part:

> A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force; however, . . . a person is justified in using force which is intended to or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily harm to himself or herself or a third person or to prevent the commission of a forcible felony.

OCGA § 16-3-21 (a). A person who uses force in accordance with OCGA § 16-3-21 "shall be immune from criminal prosecution therefor," except in certain circumstances not at issue here. OCGA § 16-3-24.2. "The issue of immunity is a

2

question for the trial court prior to trial, with the defendant bearing the burden of showing by a preponderance of the evidence that he is entitled to immunity." *Hipp v. State*, __ Ga. __, __ (__ SE2d __) (Case No. S12G1124, decided July 11, 2013) (citations omitted). Accord *Bunn v. State*, 284 Ga. 410, 413 (3) (667 SE2d 605) (2008). On appeal, "we view the evidence in the light most favorable to the trial court's ruling and accept the trial court's findings of fact and credibility determinations if there is any evidence to support them." *Sifuentes v. State*, __ Ga. __, __ (2) (__ SE2d __) (Cases No. S13A0083 & S13A0084, decided July 11, 2013) (citation omitted).

Because the state presented no evidence, the evidence that the defendants presented at the hearing was uncontroverted. See *Hipp*, __ Ga. at __. Viewed most favorably to the trial court's ruling, that evidence showed that on August 3, 2010, Robert and Ryan Blount began making racial comments and slurs toward Cooper and his girlfriend outside of his girlfriend's workplace. Cooper did not respond to the remarks but notified his uncle and aunt, Lonell and Latrenia Walls, who came to the scene. The Blounts briefly left the scene, then returned and, without provocation, tried to "jump" Cooper.

Lonell Walls intervened, stepping between Cooper and Robert Blount to prevent Robert Blount from attacking Cooper. Lonell Walls began "wrestling" with Robert Blount. As the two men struggled, Robert Bount threatened to kill Cooper and tried to charge at him. He used racial epithets in his threat.

Meanwhile, Ryan Blount hit Cooper from behind and Cooper fell to the ground, bleeding. Latrenia Walls, who was standing near a truck, picked up a crow bar. She did not, however, advance toward anyone or try to strike anyone or do anything else with the crow bar, and it appeared to witnesses that she was holding the crow bar to prevent the Blounts from attacking her. Ryan Blount rushed toward the truck and began struggling with Latrenia Walls for the crow bar. Latrenia Walls called out for help. Ryan Blount pulled the crow bar out of her hand, and Cooper's girlfriend thought Ryan Blount might strike Latrenia Walls with it. Cooper intervened and took the crow bar away from Ryan Blount. Robert Blount then broke away from Lonell Walls and charged at Cooper. Cooper swung the crow bar, hitting Robert Blount on the leg. Cooper did not strike Ryan Blount with the crow bar.

Cooper's girlfriend, who witnessed these events, testified that she was afraid and that Cooper appeared to be afraid, as well. She also testified that she believed Robert Blount had the ability at that time to carry out his threat to kill Cooper.

4

Notwithstanding this testimony, the state argues that "the record is devoid of any evidence to support a finding that the [defendants] were acting in self-defense or defense of others." We acknowledge that, had the state cross-examined the defense witnesses or presented evidence of its own, a different picture of the altercation might have emerged. As it stands, however, the uncontroverted evidence clearly was sufficient to support the conclusions both that Cooper, Latrecia Walls and Lonell Walls reasonably believed that there was a danger of imminent death or great bodily injury to one or more of their group and that the force they used was necessary to defend themselves from a violent attack. See *State v. Green*, 289 Ga. 802, 804 (1) (716 SE2d 194) (2011).

We disagree with the state that these conclusions depend upon improper witness opinion as to the ultimate issue of whether the defendants acted in defense of themselves or others. See generally *Melear v. State*, 159 Ga. App. 574, 577 (2) (284 SE2d 79) (1981) ("Apprehensions or opinions of third parties, that the accused is in imminent danger, are not relevant. But facts from which apprehension might reasonably be inferred as distinct from opinion, are relevant when stated or shown by

5

third parties.") (citations and punctuation omitted).[1] We also disagree with the state that the trial court was required to find the defendants' response to the Blounts' attack and threats to be excessive. In the cases cited by the state for this proposition, we *upheld* trial courts' findings of no justification or immunity. E.g., *Harris v. State*, 274 Ga. 422, 423 (1) (554 SE2d 458) (2001) (jury was authorized to find that defendant's act of stabbing victim multiple times, killing him, was excessive and not reasonably necessary to defendant against victim's sexual assault of defendant, and thus defendant's act was not justified); *In the Interest of Q. M. L.*, 257 Ga. App. 22, 24 (2) (570 SE2d 92) (2002) (trial court was authorized to find that juvenile's act of repeatedly stabbing unarmed victim and struggling to be released from persons holding her so that she could "kill" victim, even though victim was not attacking her at that point, was an excessive response to victim's act of striking juvenile from behind with her hands). The evidence in this case can be construed in a manner to support the trial court's conclusion that the defendants' actions were justified.

---

[1] The trial court decided this case under Georgia's former evidence code. Under the new evidence code, except as to certain expert witness testimony, "testimony in the form of an opinion or inference otherwise admissible shall not be objectionable because it embraces an ultimate issue to be decided by the trier of fact." OCGA § 24-7-704 (a). See generally OCGA § 24-7-701 (a) (setting forth rules for lay witness testimony regarding the witness's opinions and inferences).

"Accordingly, the evidence was sufficient for the trial court to determine that [the defendants] met [their] burden of proving that [they were] entitled to immunity from prosecution pursuant to OCGA § 16-3-24.2." *Green*, 289 Ga. at 804 (1) (citation omitted). See also *State v. Yapo*, 296 Ga. App. 158, 160 (2) (674 SE2d 44) (2009) (where testimony provided some evidence that defendant's actions were justified under OCGA § 16-3-21 (a) and state chose to present no contrary testimony, trial court properly held that defendant was immune from prosecution for those actions).

2. *The state's motion to reopen the evidence.*

After the hearing on the defendants' motions for immunity, but before the trial court ruled on those motions, the state moved to reopen the evidence. In support of its motion, the state argued that "[a] review of the case law appears to demand the testimony of the victims," and that "[a]ny error in the [s]tate's presentations on the motion[s] would only hurt the victims in this case, and is due [to] the [s]tate's misinterpretation of the law." The state made no proffer of the testimony that Robert or Ryan Blount would provide.

> Whether to reopen the evidence falls within the sound discretion of the trial court and the exercise of that discretion will not be disturbed on appeal absent an abuse of discretion. The failure to include in the record a proffer of the testimony for which a party seeks to have the

7

evidence reopened precludes the reviewing court from ascertaining whether harm resulted from the decision not to reopen the evidence.

*Danenberg v. State*, 291 Ga. 439, 443 (5) (729 SE2d 315) (2012) (citations omitted).

The state argues that the trial court *could* have exercised its discretion to give the state a second chance in light of the state's mistakes at the immunity hearing, and it argues that the trial court's refusal to do so was unfair to the Blounts. The trial court did not overstep the bounds of its discretion. See *Tweedell v. State*, 218 Ga. App. 518, 519 (2) (462 SE2d 181) (1995) (no abuse of discretion in trial court's refusal to allow defendant to reopen evidence after resting when defense counsel inadvertently failed to call defendant to testify). See generally *State v. Lynch*, 286 Ga. 98, 104-105 (686 SE2d 244) (2009) (Nahmias, J., concurring specially) (noting that, while it might be preferable for trial court to reopen evidence in *Jackson-Denno* hearing where prosecutor's performance left "much to be desired" and murder victim's family could be left dissatisfied by decision not to reopen evidence, that decision remained within trial court's discretion). We find no abuse of discretion in the decision of the trial court not to reopen the evidence to permit the state to introduce evidence on immunity when the state failed to do so in the first instance and failed to make a

8

proffer to the trial court as to the omitted evidence. See *Danenberg*, 291 Ga. at 443

(5); *Tweedell*, 218 Ga. App. at 519-520 (2).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*