THE SINGER MANUFACTURING COMPANY *vs.* LANCASTER *et al.*

1. Where suit was brought on a written obligation under seal, and the sureties pleaded *non est factum*, it was error to charge as follows: "Look at all the evidence and see from that whether Mr. Lancaster, Sr., or Mr. Davidson (the sureties), signed that paper, or whether either of them did; if you find that either of them did, then you would be authorized to go further and see what the company has been damaged, and how much they are indebted to the company;" and the grant of a new trial was not error.

2. It is a power inherent in the superior court, upon a motion for new trial, to review its own rulings and grant a new trial; and this is confirmed by express enactment, providing for the exercise of a sound discretion in granting or refusing a new trial, in cases not expressly provided for.

(*a.*) It is bad practice to embrace in the record the stenographic report of the questions and answers of counsel and witnesses and what was said by the court and counsel. The better practice is to put the evidence in the record in narrative form.

December 1, 1885.

Contracts. Sealed Instruments. Charge of Court. New Trial. Practice in Supreme Court. Before Judge SIMMONS. Houston Superior Court. April Term, 1885.

Reported in the decision.

THOS. WILLINGHAM, for plaintiff in error.

M. G. BAYNE; H. M. HOLTZCLAW, for defendants.

BLANDFORD, Justice.

The plaintiff in error sued the defendants upon a writ-

ten obligation under seal. The defendants, W. H. Lancaster and J. C. Davidson, as sureties, filed each a plea of *non est factum* to this action, and issue being taken on these pleas by the plaintiff, it was submitted to a jury to try the same. The court, among other things, instructed the jury as follows: "Look at all the evidence and see from that whether Mr. Lancaster, Sr., or Mr. Davidson, signed that paper, or whether either one of them did. If you find that either one of them did, then you would be authorized to go further and see what the company has been damaged and how much they are indebted to the company." The jury returned a verdict in favor of the plaintiff. The defendants moved the court for a new trial, on several grounds, among others, upon the ground that the court committed error in the foregoing charge. The court granted the new trial alone upon the error alleged. Thereupon the plaintiff excepted and assigned as error the grant of a new trial in said case.

This is a short case with a very long and voluminous record, and fully illustrates the bad practice of embracing in the record the report of the case by the stenographic reporter, of questions put to witnesses and their answers, what was said by counsel and the court during the trial of the case. The evidence should be put in the record in narrative form, as we have frequently suggested from the bench.

We are fully satisfied that the court did right to grant the new trial upon the ground on which he put it. The charge is clear error and needs no demonstration. The right and power of a court, upon a motion for a new trial, to review its own rulings in the case, and where the same are erroneous, to grant a new trial, exists by virtue of its own constitution and establishment, without any act of the legislature; it is an inherent power in all courts to do right. But there is not wanting by express grant this power in the court. Section 3718 of the Code declares that "in all applications for a new trial, not provided for in this Code,

the presiding judge must exercise a sound legal discretion in granting or refusing the same. according to the provisions of the common law and practice of the courts." This is a mere declaration of what the law was when the Code was adopted, and conferred no right or power on the court other than that already existing.

We will not interfere with the exercise of the sound, legal discretion of the court in awarding a new trial in this case.

Judgment affirmed.