## S08A1132. BUNN v. THE STATE.
### (667 SE2d 605)

MELTON, Justice.

Following the trial court's denial of his motion to dismiss the indictment due to a speedy trial violation, Raymond S. Bunn appeals, contending, among other things, that an unduly lengthy pre-indictment delay impinged on his Fifth Amendment right to due process.[1] For the reasons set forth below, we affirm in part and remand in part with direction.

The record shows that, on July 14, 2002, Bunn, a City of Atlanta police officer, was on routine patrol with his partner. Upon spotting an apparent vehicle break-in, the officers moved their vehicle so as to block one of the exits from the parking lot where the break-in was allegedly taking place. The alleged burglar jumped into a van, which began to move toward the officers, who were shouting for it to stop. The van continued toward the officers, and Bunn shot and killed the van's driver, Corey Ward. Approximately three and one-half years later, on December 9, 2005, Bunn was indicted for murder and other charges stemming from this incident.

---

[1] "[A] defendant may directly appeal from the pre-trial denial of either a constitutional or statutory speedy trial claim." (Citation omitted.) *Callaway v. State*, 275 Ga. 332, 333 (567 SE2d 13) (2002).

On July 21, 2006, Bunn filed numerous pre-trial motions, including a Motion to Dismiss Indictments Due to a Violation of Defendant's Constitutional Right to a Speedy Trial and a Motion for Immunity from Prosecution. On May 29, 2007, the trial court denied Bunn's immunity motion. Following a hearing at which Bunn exclusively argued that his Fifth Amendment due process rights were violated by pre-indictment delay, on June 5, 2007, the trial court denied Bunn's motion to dismiss due to a violation of his speedy trial rights. In order to file an interlocutory appeal, Bunn subsequently requested a certificate of immediate review of the ruling on his immunity motion. This request was denied on June 12, 2007. Bunn then filed an application for discretionary appeal of the immunity issue with this Court, asking that his discretionary appeal be considered pursuant to *Waldrip v. Head*, 272 Ga. 572 (532 SE2d 380) (2000). On July 20, 2007, this Court dismissed Bunn's application, finding that his requested appeal did not meet the standards set forth in *Waldrip* and that he had failed to follow the appropriate procedures for filing an interlocutory appeal. Thereafter, Bunn timely filed this direct appeal.

1. Bunn contends that his Fifth Amendment right to due process was violated by the pre-indictment delay.

> In order for [the defendant] to prevail on his claim that his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution were violated by the delay between the time of the crime and the time of his arrest, [the defendant] must prove (1) that the delay caused actual prejudice to his defense, and (2) that the delay was the result of deliberate prosecutorial action to give the State a tactical advantage.

(Citation omitted.) *Manley v. State*, 281 Ga. 466, 467 (640 SE2d 9) (2007).

Bunn argues that the three-year delay between the time of his alleged crime and the time of his indictment caused prejudice to his defense because witnesses' memories and stories have changed. However,

> [t]he offense in this case is murder, for which there is no applicable statute of limitation. Hence, any prejudice which results merely from the passage of time cannot create the requisite prejudice. The possibilities that memories will dim, witnesses become inaccessible, and evidence be lost are inherent in any extended delay, and, these possibilities are

not in themselves enough to demonstrate that [the defendant] cannot receive a fair trial.

(Citations and punctuation omitted.) *Wooten v. State*, 262 Ga. 876, 880 (3) (426 SE2d 852) (1993). Thus, Bunn's contention regarding fading memories, standing alone, fails to demonstrate prejudice to his defense. Id.

Moreover, Bunn has also failed to show that the delay between the alleged crime and the indictment was the result of deliberate action by the State to gain a tactical advantage. There is no due process violation when a pre-indictment delay is caused by an ongoing criminal investigation. *Manley*, supra, 281 Ga. at 468. Here, the record supports a finding that any delay was attributable to the ongoing investigation of the crime which was, at times, complicated by such things as recanted testimony by certain witnesses. The trial court did not err.

2. Bunn also contends, in the alternative, that his Sixth Amendment right to a speedy trial was violated. A review of the record, however, shows that Bunn did not pursue any ruling on this issue by the trial court. Due process standards, not those encompassed by the Sixth Amendment right to a speedy trial, apply to delays in the investigative stage before either arrest or indictment of the accused. *Haisman v. State*, 242 Ga. 896 (2) (252 SE2d 397) (1979). At the hearing below, Bunn explicitly told the trial court "[the] periods of time that I ask the court to consider are from the date of the incident to the date of the indictment." Bunn did not request consideration of the time after indictment, which would trigger a Sixth Amendment analysis. Accordingly, this issue will not be considered for the first time on appeal.

3. Bunn further contends that the trial court erred by denying his motion for immunity pursuant to OCGA § 16-3-24.2.[2] To date, it does not appear that a clear statement of the standard of review to be employed by a trial court in considering a motion for immunity under OCGA § 16-3-24.2 has been promulgated. We do so today.

In *Fair v. State*, 284 Ga. 165 (664 SE2d 227) (2008), we held that a trial court must rule on a motion for immunity prior to trial. In doing so, we approved *Boggs v. State*, 261 Ga. App. 104, 106 (581 SE2d 722) (2003), which states:

[O]ne who is immune is exempt or free from duty or penalty, and prosecution is defined as "a criminal action; a proceed-

---

[2] Although we previously dismissed Bunn's application for a discretionary appeal on this issue, we now reach it, as it has been appealed in conjunction with a final ruling of the trial court. See OCGA § 5-6-34 (d).

ing instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime." Therefore, by the plain meaning of [immune from prosecution] and the other language in the statute, the statute must be construed to bar criminal proceedings against persons who use force under the circumstances set forth in OCGA § 16-3-23 or § 16-3-24. Further, as the statute provides that such person "shall be immune from criminal prosecution," the decision as to whether a person is immune under OCGA § 16-3-24.2 must be determined by the trial court [as a matter of law] before the trial of that person commences.

(Punctuation and footnotes omitted.)

As a potential bar to criminal proceedings which must be determined prior to a trial, immunity represents a far greater right than any encompassed by an affirmative defense, which may be asserted during trial but cannot stop a trial altogether. With this in mind, we take guidance from other jurisdictions[3] and find that, to avoid trial, a defendant bears the burden of showing that he is entitled to immunity under OCGA § 16-3-24.2 by a preponderance of the evidence. A similar burden is required of defendants who wish to avoid trial and guilt by showing that they are insane or mentally incompetent. See *Hester v. State*, 283 Ga. 367 (3) (659 SE2d 600) (2008); *Foster v. State*, 283 Ga. 47 (1) (656 SE2d 838) (2008). If a defendant cannot meet his burden of proving immunity prior to trial, he may nonetheless pursue an affirmative defense at trial, even though these affirmative defenses may be based on the same statutory provisions underlying a prior immunity motion. In this instance, the well-established burden of proof for affirmative defenses would be applicable during trial. See, e.g., *Bishop v. State*, 271 Ga. 291 (2) (519 SE2d 206) (1999) ("[w]hen a defendant raises an affirmative defense and offers evidence in support thereof, the State has the burden of disproving that defense beyond a reasonable doubt").

In the present matter, it does not appear that the trial court, in its order denying Bunn's motion for immunity, employed a preponderance of the evidence standard in reaching its decision. Accordingly, we remand this case back to the trial court to allow it to analyze Bunn's motion under the standard we now set forth.

*Judgment affirmed in part and case remanded with direction. All the Justices concur.*

---

[3] *State v. Guenther*, 740 P2d 971 (Colo. 1987); *Peterson v. State*, 983 S2d 27 (Fla. App. 2008).

DECIDED OCTOBER 6, 2008.

*Zell & Zell, Rodney S. Zell, Manubir S. Arora,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys,* for appellee.