## A11A2322. THE STATE v. HIPP.
### (724 SE2d 825)

MILLER, Judge.

Following a pre-trial evidentiary hearing, the trial court denied Mark Allen Hipp's motion to dismiss based on immunity from prosecution under OCGA § 16-3-24.2. After a jury trial, Hipp was convicted of aggravated assault (OCGA § 16-5-21 (a) (2)) and simple battery (OCGA § 16-5-23 (a) (1)). Hipp subsequently filed a motion for new trial. The trial court found the evidence sufficient to sustain his convictions, but granted the motion on the basis that its pre-trial ruling on Hipp's immunity motion was erroneous. The State appeals, contending that the trial court was not authorized to make a post-conviction immunity determination. For the reasons that follow, we reverse.

---

[20] Id.

We review the grant of a motion for new trial on special grounds involving a legal question de novo and reverse if the trial court committed legal error. *O'Neal v. State*, 285 Ga. 361, 363 (677 SE2d 90) (2009) (motion for new trial based on prior denial of motion to sever); *State v. Clements*, 289 Ga. 640 (1) (715 SE2d 59) (2011) (motion for new trial based on failure to dismiss juror). Moreover, a trial court's application of OCGA § 16-3-24.2 is subject to de novo review. *State v. Green*, 288 Ga. 1, 2 (1), (2) (701 SE2d 151) (2010).

The record shows that Hipp was involved in a physical altercation in which he drew a knife. The police were called, and Hipp was subsequently arrested and charged with the offenses of simple battery and aggravated assault.

Hipp moved to dismiss the indictment, arguing that he was immune from prosecution under OCGA § 16-3-24.2, because he was acting in self-defense. At the pre-trial hearing on Hipp's immunity motion, Hipp and his son testified in support of Hipp's self-defense claim. Although the testimony of Hipp and his son was uncontroverted, the trial court denied Hipp's immunity motion, finding that it suggested that Hipp's altercation was more of a mutual combat, rather than an action taken in self-defense. Following the denial of Hipp's motion for immunity, the case proceeded to a jury trial.

At trial, the State presented the testimony from the victim and several eyewitnesses showing that Hipp and the victim had a verbal argument, that Hipp initiated the physical confrontation, and that Hipp pulled out an open knife on the victim. The witnesses stated that no one attempted to attack Hipp at any time. The State also presented evidence of five similar transactions where Hipp assaulted or battered others. Hipp asserted self-defense at trial. After hearing all of the testimony, the jury found him guilty of the charged offenses.

Hipp subsequently filed a motion for new trial on general and special grounds. In particular, Hipp argued that the evidence was insufficient to support his conviction, and that his pre-trial motion for immunity should have been granted because the evidence adduced at the pre-trial hearing was uncontroverted by the State. At the hearing on Hipp's motion for new trial, Hipp argued that the evidence he presented at the pre-trial hearing was not controverted or impeached. Although Hipp acknowledged that the State's trial evidence may have impeached his pre-trial testimony, he nevertheless asserted that the trial court should disregard the trial evidence and rely solely on the pre-trial testimony to find that he was immune from prosecution.

Following the hearing, the trial court denied Hipp's motion for new trial on the ground that the evidence was insufficient to sustain his convictions, but granted it on the basis that Hipp was immune

from prosecution. The trial court specifically found that a review of the evidence presented at the pre-trial immunity hearing demonstrated that Hipp had established by a preponderance of the evidence that he was entitled to immunity as contemplated in OCGA § 16-3-24.2.

In its sole enumeration of error, the State contends that the trial court's post-conviction grant of immunity was not authorized by the evidence and impermissibly invaded the province of the jury. We agree.

OCGA § 16-3-24.2 provides in relevant part that "[a] person who uses threats or force in accordance with Code Section 16-3-21 . . . shall be immune from criminal prosecution[.]" In turn, OCGA § 16-3-21 (a) provides that "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force[.]"

To avoid trial, a defendant bears the burden of showing that he is entitled to immunity under OCGA § 16-3-24.2 by a preponderance of the evidence. *Bunn v. State*, 284 Ga. 410, 413 (3) (667 SE2d 605) (2008). "[T]he decision as to whether a person is immune under OCGA § 16-3-24.2 must be determined by the trial court as a matter of law before the trial of that person commences." (Citations and punctuation omitted.) *Fair v. State*, 284 Ga. 165, 166 (1) (664 SE2d 227) (2008).

Here, as noted above, the trial court initially denied Hipp's immunity motion at a pre-trial hearing. The trial court erred, however, by ruling again on Hipp's claim of immunity in a motion for new trial. The trial court may only decide this question before, not after, trial. Cf. *Fair*, 284 Ga. at 166 (1) (prohibiting a court from reserving its ruling on an immunity motion under OCGA § 16-3-24.2 until the close of trial evidence). Moreover, after the pre-trial denial of his immunity claim, Hipp was nevertheless permitted to pursue an affirmative defense at trial, which could be based on the same statutory provisions underlying his immunity motion. See *Bunn*, supra, 284 Ga. at 413 (3). It is clear, however, that once the case proceeded to trial and the jury rejected Hipp's claim of self-defense, the trial court was not permitted to revisit its prior ruling or correct any purported error, because OCGA § 16-3-24.2 no longer applied. See *Eason v. State*, 261 Ga. App. 221, 223 (2) (582 SE2d 194) (2003) (holding that once a jury rejects a defendant's self-defense justification, OCGA § 16-3-24.2 no longer applies); accord *Wood v. People*, 255 P3d 1136, 1139 (II) (A), 1141 (II) (C) (Colo. 2009) (examining an immunity statute similar to one at issue here, and holding that the issue of whether the defendant established self-defense immunity by

a preponderance of the evidence becomes moot once the jury determines that the prosecution disproved the self-defense beyond a reasonable doubt).

Moreover, while a trial court is vested with broad discretion to review a case and set the verdict aside if it is not satisfied with it, we cannot discern how the trial court properly exercised such discretion in this case. Significantly, the trial court's determination that the State proved beyond a reasonable doubt that Hipp committed the crimes charged is irreconcilable with its finding that Hipp proved by a preponderance of the evidence that he acted in self-defense. See *State v. Green*, 289 Ga. 802, 804 (2) (716 SE2d 194) (2011) (holding that a defendant who acts in self-defense cannot be guilty of a crime); *Demery v. State*, 287 Ga. 805, 809 (3) (700 SE2d 373) (2010) ("[I]f [a defendant] is justified in killing under OCGA § 16-3-21, he is guilty of no crime at all.") (citation and punctuation omitted).

Accordingly, the trial court erred in making a post-conviction determination that Hipp was immune from prosecution, and therefore we reverse the trial court's grant of a new trial on that ground.

*Judgment reversed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 1, 2012 —

*William J. Langley, District Attorney, Jeremy D. Clough, Assistant District Attorney*, for appellant.
*Jeffrey L. Wolff*, for appellee.