## S12G1124. HIPP v. THE STATE.
### (746 SE2d 95)

HUNSTEIN, Chief Justice.

Following Mark A. Hipp's indictment for aggravated assault and simple battery, he filed a pretrial motion to dismiss based on immunity from prosecution under OCGA § 16-3-24.2, which the trial court denied. At trial, the jury rejected Hipp's self-defense claim and convicted him on both counts. On motion for new trial, the trial court granted Hipp a new trial on the grounds that the evidence presented at the pretrial hearing established that he was entitled to immunity. The State appealed, and the Court of Appeals reversed, holding that the trial court could not make a post-conviction determination that Hipp was immune from prosecution. *State v. Hipp*, 314 Ga. App. 520 (724 SE2d 825) (2012). We granted the petition for writ of certiorari to consider whether a trial court is permitted to revisit a pretrial denial of immunity from prosecution under OCGA § 16-3-24.2 after a jury has rejected a claim of justification at trial. Because a trial court has the authority during the same term of court to revise its pretrial ruling denying immunity from prosecution after a trial and prior to entry of the final judgment, we reverse.

Hipp was arrested after he pulled a knife during a fight in a bar. Prior to trial, he filed a motion to dismiss under OCGA § 16-3-24.2, which provides immunity from criminal prosecution for persons who use threats or force in self-defense. At the pretrial hearing in October 2009, Hipp and his son testified in support of Hipp's self-defense claim; because the State presented no evidence, their evidence was uncontroverted. Nevertheless, the trial court denied the motion, finding that the words and actions of Hipp suggested mutual combat

rather than self-defense. Following a trial at which Hipp presented a justification defense under OCGA § 16-3-21, the jury found him guilty. Hipp filed a motion for new trial in January 2010 contending that the trial court had erred in its interlocutory order denying him immunity. Both the motion for new trial and pretrial order denying immunity were filed during the same term of court.

The trial court granted the motion for new trial, ruling that a review of the evidence presented at the pretrial hearing demonstrated that Hipp had established by a preponderance of the evidence that he was entitled to immunity under OCGA § 16-3-24.2 and *State v. Yapo*, 296 Ga. App. 158 (2) (674 SE2d 44) (2009). On appeal, the Court of Appeals reversed the trial court's grant of a new trial. The Court of Appeals concluded that the trial court was not permitted to revisit its prior pretrial ruling or correct any purported error once the jury rejected Hipp's self-defense claim. *Hipp*, 314 Ga. App. at 522.

Superior courts "shall have the power to correct errors and grant new trials in cases" pending before them. OCGA § 5-5-1 (a). The trial judge may exercise his or her discretion in granting a new trial when the verdict is "contrary to evidence and the principles of justice and equity," the verdict is "strongly against the weight of the evidence," material evidence was illegally admitted or withheld or is newly discovered, or an erroneous jury instruction is given; in all motions on other grounds, the trial court exercises a sound legal discretion "according to the provisions of the common law and practice of the courts." See OCGA §§ 5-5-20 to 5-5-25. This inherent power is based on common law as well as statutory authority.

> The right and power of a court, upon a motion for a new trial, to review its own rulings in the case, and where the same are erroneous, to grant a new trial, exists by virtue of its own constitution and establishment, without any act of the legislature; it is an inherent power in all courts to do right.

*Singer Mfg. Co. v. Lancaster*, 75 Ga. 280, 281 (2) (1885).

In criminal cases, a trial court has " 'plenary power over its orders and judgments during the term at which they are entered and may amend, correct, or revoke them, for the purpose of promoting justice.' " *Ritter v. State*, 272 Ga. 551, 553 (2) (532 SE2d 692) (2000) (citation omitted). This "plenary control of the court over orders and judgments during the term at which they were rendered extends to all orders and judgments save those which are founded upon verdicts." *Buice v. State*, 272 Ga. 323, 325 (528 SE2d 788) (2000) (citation and punctuation omitted); see also *Moon v. State*, 287 Ga. 304 (696 SE2d 55) (2010) (inherent power to revoke interlocutory rulings in

criminal cases ceases with the end of the term). The rationale is that a trial court should have the opportunity to revise its interlocutory rulings to reach the correct decision in the interests of justice and judicial economy. See id. at 306 (Nahmias, J., concurring) (criticizing the end-of-term common law rule in state criminal cases); *Pledger v. State*, 193 Ga. App. 588 (2) (a) (388 SE2d 425) (1989) (court's plenary power is to be used for promoting justice). As one Justice recently explained, "[t]he relevant evidence may have changed as the case progressed, or the controlling law may have changed, or the court may simply recognize, upon further reflection, that it made the wrong decision." *Moon*, 287 Ga. at 306 (Nahmias, J., concurring). Under its plenary power, we have held that a trial court may rescind an order after the term when, as in this case, the proceedings to vacate the order were begun during the term in which it was entered. See *Bowen v. State*, 239 Ga. 517 (2) (238 SE2d 62) (1977); *Pledger*, 193 Ga. App. at 589.

Relying on this inherent power, our appellate courts have concluded that trial courts retain the authority in criminal cases to change their interlocutory rulings prior to the entry of a final judgment. In *Buice v. State*, for example, we held that the trial court had authority within the same term of court to vacate its order to nolle prosequi an indictment and permit the State to renew the prosecution of the defendant on the reinstated indictment. See 272 Ga. at 324. Similarly, we have determined that a trial court "retains broad discretion over interlocutory evidentiary rulings which may be modified at any time until entry of final judgment." *Ritter v. State*, 272 Ga. at 553. Addressing the admissibility of a witness's statement at a retrial, we held in *Ritter* that "the doctrine of the law of the case does not limit the power of the trial court to reopen rulings previously entered during the same term of court" or issues carried over unresolved from a previous term of court. Id. In addition, the Court of Appeals has upheld the power of a trial court to reconsider its pretrial ruling denying a motion to suppress while the case remains pending before it. See, e.g., *Tucker v. State*, 231 Ga. App. 210 (1) (b) (498 SE2d 774) (1998).

We conclude that the same inherent authority applies in this case to the trial court's post-trial reversal of its pretrial ruling denying Hipp's motion for immunity from criminal prosecution under OCGA § 16-3-24.2. Georgia's immunity statute bars criminal proceedings against persons if they present sufficient evidence at a pretrial hearing to persuade the trial court that they were acting in self-defense. See *Fair v. State*, 284 Ga. 165 (1) (664 SE2d 227) (2008); *State v. Yapo*, 296 Ga. App. at 159. Specifically, OCGA § 16-3-24.2 provides: "A person who uses threats or force in accordance with Code

Section 16-3-21 [the self-defense statute] . . . shall be immune from criminal prosecution," unless the person uses a weapon that is unlawful for him or her to carry. OCGA § 16-3-21 (a) provides in part that a "person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force." The issue of immunity is a question for the trial court prior to trial, *Fair*, 284 Ga. at 166, with the defendant bearing the burden of showing by a preponderance of the evidence that he is entitled to immunity. *Bunn v. State*, 284 Ga. 410 (3) (667 SE2d 605) (2008). The effect of an order granting immunity is to "stop a trial altogether." Id. at 413. If the motion for immunity is denied, the State at trial must prove beyond a reasonable doubt that the defendant was not acting in self-defense. *State v. Royal*, 247 Ga. 309 (1) (275 SE2d 646) (1981). On appeal, "we review the evidence in the light most favorable to the trial court's ruling, and we accept the trial court's findings with regard to questions of fact and credibility if there is any evidence to support them." *State v. Bunn*, 288 Ga. 20, 23 (701 SE2d 138) (2010) (citation and punctuation omitted); see *Sifuentes v. State*, 293 Ga. 441 (746 SE2d 127) (2013) (applying the any evidence standard in rejecting defendant's challenge on appeal to trial court's pretrial denial of immunity).

The State urges, and the Court of Appeals concluded, that the trial court erred by reconsidering Hipp's claim of immunity in a motion for new trial because OCGA § 16-3-24.2 no longer applied once the jury rejected Hipp's self-defense claim. See *Hipp*, 314 Ga. App. at 522. We reject this analysis because it ignores the inherent authority of a trial court over its own orders while the case remains pending before it. To hold that the trial court has no authority to review its prior decision after the jury returns a verdict may perpetuate legal rulings that are unsound or erroneous. In the interests of promoting justice and judicial economy, a trial court should have the ability to reconsider its earlier ruling on immunity based on a different analysis of the issue or subsequent changes in the law. To the extent it holds that OCGA § 16-3-24.2 does not apply once a jury rejects the defendant's justification defense, we overrule the Court of Appeals' decision in *Eason v. State*, 261 Ga. App. 221 (2) (582 SE2d 194) (2003).

In conclusion, we hold that after a trial and prior to the entry of the final judgment a trial court retains the inherent authority to reconsider its pretrial ruling on the defendant's motion for immunity from criminal prosecution under OCGA § 16-3-24.2. This holding does not apply when the defendant files a challenge to the immunity

ruling in a subsequent term of court. See *Moon*, 287 Ga. at 305. In addition, the defendant's ability to seek interlocutory review of the trial court's denial of immunity prior to trial remains unchanged. See *Mullins v. State*, 287 Ga. 302 (1) (695 SE2d 621) (2010) (granting application for interlocutory appeal and affirming trial court's pretrial denial of immunity).

*Judgment reversed. All the Justices concur.*

DECIDED JULY 11, 2013.

*Jeffrey L. Wolff*, for appellant.

*W. Jeffrey Langley, District Attorney, Jeremy D. Clough, Assistant District Attorney*, for appellee.

*Marcia G. Shein, Elizabeth A. Brandenburg, J. Scott Key*, amici curiae.