JOINER, Judge,
dissenting.
Jennifer Watters petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to conduct an evidentia-ry hearing on Watters’s claim of immunity based on the theory of self-defense under § 13A-3-23, Ala.Code 1975. This Court, in an order, denies Watters’s petition on the basis that Watters has not, the Court says, “[met] her heavy burden of establishing a clear legal right to the issuance of a writ of mandamus.” I disagree with this conclusion and respectfully dissent from the Court’s decision to deny Watters’s petition.
Watters was indicted on November 7, 2014, for second-degree assault, see § 13A-6-21, Ala.Code 1975, for injuries she inflicted on Christina Orr on March 13, 2014. Watters filed a motion on June 7, 2015, asserting that she had acted in self-defense and that she was therefore “immune from' criminal prosecution” under § 13A-3-23(d), Ala.Code 1975. Watters asked the circuit court to conduct a pretrial evidentiary hearing to evaluate Wat-ters’s self-defense claim. The circuit court, in an order dated June 9, 2015, set the matter for an evidentiary hearing on July 14, 2015. On July 14, 2015, the circuit court reset the hearing date on the motion, noting that the motion would “be heard at trial on July 27, 2015.”
On July 21, 2015, Watters filed the instant petition with this Court, and on July 23, 2015, this Court stayed the proceedings in the circuit court to consider Watters’s petition.
Watters’s petition focuses on § 13A-3-23(d), Ala.Code 1975. Section § 13A-3-23(d) provides: “A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful.” (Emphasis added.)
In denying Watters’s petition, the Court’s legal analysis consists of the following paragraph:
“There are no Alabama cases interpreting the application and scope of § 13A-3-23(d), Ala.Code 1975, to criminal charges. To be entitled to the issuance of a writ of mandamus, the petitioner must establish a clear legal right *1090 to the relief sought. See Ex parte Jones, 61 So.3d 1104 (Ala.Crim.App. 2010). ‘ “Mandamus is a conservative, not a creative, remedy; it enforces existing duties, but does not impose new duties.” ’ Henry v. State, 16 Ala.App. 670, 671, 81 So. 190, 191 (1919), quoting State ex rel. Brickman v. Wilson, 123 Ala. 269, 281, 26 So. 482, 487 (1899). Watters has failed to meet her heavy burden of establishing a clear legal right to the issuance of a writ of mandamus. Accordingly, this petition is DENIED.”
As noted, I disagree with the Court’s conclusion that Watters has not demonstrated a clear legal right to the issuance of a writ of mandamus. I also disagree with the Court’s suggestion that, if the legislature wishes to create a substantive, enforceable right, the legislature nevertheless must wait until an appellate court of this State has “interpret[ed] the application and scope of’ the statutory provision delineating that right.
The legislature added subsection (d) to Alabama’s self-defense statute as a part of the 2006 amendment of § 13A-3-23, Ala. Code 1975. See Act No. 2006-303, Ala. Acts 2006. The legislature did not define the phrase "immune from criminal prosecution” or provide a specific procedure for determining immunity, and, as this Court notes in its order, there are no Alabama cases interpreting or applying that phrase. Even so, immunity is not a concept with which the appellate courts of this State are unfamiliar. Watters contends that the phrase “immune from criminal prosecution” creates a substantive right to immunity and that, at a minimum, she is entitled to a pretrial evidentiary hearing on her claim of immunity based on self-defense. I agree.
In support of her position, Watters cites caselaw interpreting and applying concepts regarding immunity in other contexts under Alabama law. Specifically, she cites the Alabama Supreme Court’s decision in Ex parte Auburn University, 6 So.3d 478 (Ala.2008), in which the Court addressed a petitioner’s claim that the trial court had “erred in choosing to address their sovereign-immunity defenses at trial rather than addressing them at the summary-judgment stage of the litigation.” In particular, the Alabama Supreme Court in Ex parte Auburn University discussed the purpose of immunity and how it differs from an affirmative defense. The Court stated:
“ ‘ “One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.”’ Ryan v. Hayes, 831 So.2d 21, 31 (Ala.2002) (quoting Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). Additionally, this Court has stated:
“ ‘ “Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is ‘an entitlement not to stand trial or face the other burdens of litigation.’ Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is ‘an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.’ Ibid. As a result, ‘we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.’ Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).” ’
*1091 “Ryan, 831 So.2d at 31-32 (quoting Saucier v. Katz, 533 U.S. 194, 199-202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).
“The trial court reasoned that because the parties had waived the right to a jury trial in this case, in favor of a bench trial, a ‘great deal of costs and expense’ associated with a jury trial would be alleviated. However, by delaying until trial its determination of the sovereign-immunity defenses asserted by the petitioners, the trial court has effectively denied the petitioners their privilege of not being subjected to suit and their right to not stand trial and face the burdens of litigation should their immunity defenses prove dispositive, Ryan, supra. Accordingly, we conclude that the trial court erred in failing to address the sovereign-immunity defenses at the summary-judgment stage of the litigation.”
6 So.3d at 484 (emphasis added).
Section 13A-3-23(d), as Watters notes, is similar to immunity provisions in the self-defense statutes in states such as Colorado, Florida, Georgia, and South Carolina.[1] As Watters further explains, courts in 'those states have interpreted their respective immunity provisions in a manner that, is consistent With the above-stated description of immunity by the Alabama Supreme Court. Thus, courts in those states have concluded that immunity is a substantive right and, further, that an accused asserting immunity based on a claim of self-defense has a right to a pretrial determination on the issue of immunity. See, e.g., People v. Guenther, 740 P.2d 971, 975-76 (Colo.1987): Dennis v. State, 51 So.3d 456, 462 (Fla.2010); Fair v. State, 284 Ga. 165, 166, 664 S.E.2d 227, 230 (2008); State v. Duncan, 392 S.C. 404, 409-10, 709 S.E.2d 662, 664-65 (2011). In my opinion, § 13A-3-23(d) likewise creates a substantive right that entitles an accused who claims self-defense under § 13A-3-23 to a pretrial determination of immunity.
Here, as noted above, although the circuit court initially set the immunity claim for a pretrial hearing, -it later entered an order stating that the matter would be considered at Watters’s trial. The State argues in this regard:
“Although the decisions. from other states offer guidance on implementation *1092 of the immunity issue, nothing in them requires the granting of the extraordinary writ of mandamus requested by Watters.... [The circuit court’s] order states [that] Watters’s motipn for immunity will be considered by the court; although the question of immunity likely should be determined at the earliest time a court can consider it, there is presently nothing under Alabama law that mandates the timing or even the requirement for a self-defense immunity hearing. Watters is not entitled to a writ of mandamus to get a hearing at the time she likes.... Watters fails to meet her burden of showing legal entitlement to the relief she seeks.”
(State’s brief, pp. 7-8.)
As noted above, the legislature has included no guidance regarding a procedure for a pretrial determination of immunity, and there are no Alabama cases specifically addressing immunity under § 13A-3-23(d). Watters asserts, however, that the trial court is authorized under existing procedural rules to make such a pretrial determination and that such a pretrial determination is necessary to protect her claim of immunity under § 13A-3-23(d). She argues further that at such a pretrial determination she would have the burden of proving, by a preponderance of the evidence, her entitlement to immunity. She cites, in support of her position, decisions from the states discussed above. See, e.g., Guenther, 740 P.2d at 980-81: Dennis, 51 So.3d at 462-63: Bunn v. State, 284 Ga. 410, 413, 667 S.E.2d 605, 608 (2008); Duncan, 392 S.C. at 411, 709 S.E.2d at 665. Illustrative of the procedure envisioned by those decisions is the following from the Supreme Court of Georgia’s decision in Bunn:
“As a potential bar to criminal proceedings which must be determined pri- or to a trial, immunity represents a far greater right than any encompassed by an affirmative defense, which may be asserted during trial but cannot stop a trial altogether. With this in mind, we take guidance from other jurisdictions and find that, to avoid trial, a defendant bears the burden of showing that he is entitled to immunity under OCGA § 16-3-24.2 by a preponderance of the evidence. A similar burden is required of defendants who wish to avoid trial and guilt by showing that they are insane or mentally incompetent. See Hester v. State, 283 Ga. 367(3), 659 S.E.2d 600 (2008); Foster v. State, 283 Ga. 47(1), 656 S.E.2d 838 (2008). If a defendant cannot meet his burden of proving immunity prior to trial, he may nonetheless pursue an affirmative defense at trial, even though these affirmative defenses may be based on the same statutory provisions underlying a prior immunity motion. In this instance, the well-established burden of proof for affirmative defenses would be applicable during trial. See, e.g., Bishop v. State, 271 Ga. 291(2), 519 S.E.2d 206 (1999) (‘[w]hen a defendant raises an affirmative defense and offers evidence in support thereof, the State has the burden of disproving that defense beyond a reasonable doubt’).”
284 Ga. at 413, 667 S.E.2d at 608.
This reasoning in Bunn is persuasive. Like those courts’ holdings regarding the purpose of their respective immunity provisions, the procedure envisioned in Bunn and the other decisions noted above is consistent with Alabama law and, further, is necessary to protect the substantive right to immunity created by § 13A-3-23(d).
Rule 15, Ala. R.Crim. P., which permits the filing of pretrial motions asserting defenses and objections to the charge against an accused, provides a procedural mecha *1093 nism consistent with the procedure outlined above in Bunn. Rule 15.4, unless a jury trial of factual issues relevant to a pretrial motion is constitutionally required, specifically authorizes the determination of “[a]ll other issues of fact raised by [a pretrial motion asserting defenses or objections] ... by the court -without a jury in such manner as the court may direct.”
As the Alabama Supreme Court made clear in deciding to issue a writ of mandamus in Ex parte Auburn University, delaying the determination of an accused’s immunity defense until trial is, in effect, a denial of the accused’s “privilege of not being subjected to suit and [the accused’s] right to not stand trial and face the burdens of litigation should [the] immunity defense[ ] prove dispositive.” 6 So.3d at 484. Implicit in the issuance of a writ of mandamus in Ex parte Auburn University is the notion that an appeal does not provide an adequate remedy for a party claiming immunity from prosecution. The instant case illustrates that notion. This Court’s refusal to act forces Watters to prepare for and go to trial and turns the substantive right of “immunity” guaranteed by § 13A-3-23 into an illusory promise, Further, the Court’s decision serves as notice to any person claiming immunity based on self-defense that there will be no pretrial recourse in the appellate courts, nor will there be any meaningful posttrial appellate review.[2]
I would grant Watters’s petition for a writ of mandamus and direct the Jefferson Circuit Court to conduct a pretrial hearing on Watters’s claim of self-defense. At that hearing, Watters should have the opportunity to prove, by a preponderance of the evidence, that she is entitled to immunity based on § 13A-3-23, Ala.Code 1975.
BURKE, J., concurs.

. See, e.g., Colo.Rev.Stat. Ann. § 18-1-704.5 (2015) (“Any occupant of a dwelling using physical force, including deadly physical force, in accordance with the provisions of subsection (2) of this section shall be immune from criminal prosecution for the use of such force.... Any occupant of a dwelling using physical force, including deadly physical force, in accordance with the provisions of subsection (2) of this section shall be immune from any civil liability for injuries or death resulting from the use of such force."); Fla. Stat. § 776.032(1) (2014) (“A person who uses or threatens to use force as permitted in § 776.012, § 776.013, or § 776.031 is justified in such conduct and is immune from criminal prosecution and civil action for the use or threatened use of such force.... As used in this subsection, the term ‘criminal prosecution’ includes arresting, detaining in custody, and charging or prosecuting the defendant.”); Ga.Code Ann. § 16-3-24,2 (2014) (“A person who uses threats or force in accordance with Code Section 16-3-21, 16-3-23, 16 — 3—23.1, or 16-3-24 shall be'immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under Part 2 of Article 4 of Chapter 11 of this title,”); S.C.Code Ann. § 16-11-450(A) (2006) (“A person who uses deadly force as permitted by the provisions of this article or another applicable .provision of law is justified in using deadly force . and is immune from criminal prosecution and civil action for the use of deadly force, unless the person against whom deadly force was used is a law enforcement officer acting in the performance of his official duties and he identifies himself in accordance with applicable law or the person using deadly force knows or reasonably should have known that the person is a law enforcement officer.”).

. A guilty verdict at trial — which would mean that the State had proved beyond a reasonable doubt that the accused did not act in self-defense — -would defeat any immunity claim on appeal. A not-guilty verdict — from which the accused would have no need (and no right) to appeal — would render such a claim moot.