In the Supreme Court of Georgia

Decided: February 1, 2016

S15A1715. THE STATE v. TUNKARA.

MELTON, Justice.

Following a jury trial, Mahamadou Tunkara was found guilty of malice murder, felony murder, aggravated assault, and possession of a knife during the commission of a felony, with regard to the death of Mohamed Turay. Subsequently, Tunkara filed a motion for new trial, contending, among other things, that his court-appointed interpreter inadequately translated the proceedings to him. After a hearing, the trial court granted Tunkara's motion, finding that Tunkara was not able to understand what was happening at his trial. The State appeals this ruling, contending that the trial court applied an incorrect standard of review and abused its discretion by granting a new trial pursuant to

OCGA §§ 5-5-20[1] and 5-5-21.[2] For the reasons set forth below, we affirm.

In more detail, the record shows that, on March 7, 2008, Tunkara was indicted for malice murder, felony murder, aggravated assault, and possession of a knife during the commission of a felony. Tunkara's first trial began on January 13, 2010, with a certified interpreter assigned to translate the trial proceedings into Soninke, Tunkara's native language. The trial ended in a mistrial when the jury was unable to reach a unanimous verdict. The state chose to try Tunkara again, and his second trial began on November 15, 2010. Tunkara was provided with a different non-certified interpreter, as the interpreter from the first trial was out of the country and unavailable. At the second trial, the interpreter sat with Tunkara and purportedly translated the events and testimony to him as the trial proceeded. Shortly before closing arguments, Tunkara moved for a mistrial, arguing that his interpreter was inadequate. Tunkara's attorney

---

[1] "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." OCGA § 5-5-20.

[2] "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21.

explained that, although he did not want to make the motion, he had become aware that the interpreter was giving Tunkara incomplete and inaccurate information, culminating in Tunkara's belief that the murder weapon had Tunkara's blood on it rather than that of the victim (the latter of which the testimony actually showed). The trial court denied the motion, finding that, based on his general demeanor, Tunkara appeared to understand the proceedings. On November 19, 2010, Tunkara was convicted and sentenced to life for the murder charge.

Subsequently, Tunkara filed a motion for new trial, and, after obtaining new counsel, he filed an amended motion for new trial on October 29, 2014. Tunkara again contended that, during the course of the second trial, the court-appointed interpreter gave incomplete and inaccurate information, resulting in a deprivation of Tunkara's due process rights and his right to be present and understand all proceedings under the Sixth and Fourteenth Amendments to the United States Constitution.

On April 30, 2015, the trial court conducted a hearing on Tunkara's motion for new trial. At this hearing, the trial court considered the testimony of Tunkara's trial counsel, the arguments of both sides, and the transcripts from

3

trial. In an order entered on May 4, 2015, the trial court made the finding of fact that "there was a complete breakdown of [Tunkara's] understanding of what was transpiring at trial due to the interpreter, and that this prejudiced [Tunkara] at trial." Citing its discretion under OCGA §§ 5-5-20 and 5-5-21, the trial court granted Tunkara's motion for a new trial on this basis.

On appeal, the State argues that the trial court abused its discretion, contending that the trial court made no finding that the verdict at trial was strongly against the weight of the evidence against Tunkara and, in fact, the evidence actually supported Tunkara's conviction. In other words, the State argues that the trial court did not make appropriate findings to support, and the evidence does not allow, the grant of a new trial under the general grounds reviewable under OCGA §§ 5-5-20 and 5-5-21.[3]

As a general matter, the discretion given to the trial judge when considering a motion for new trial is broad:

> The right and power of a court, upon a motion for a new trial, to review its own rulings in the case, and where the same are

---

[3] The trial court has the right to reassess the granting of a new trial, and may effectively sit as the "thirteenth juror." Allen v. State, 296 Ga. 738, 740 (2) (770 SE2d 625) (2015) *citing* White v. State, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013).

erroneous, to grant a new trial, exists by virtue of its own constitution and establishment, without any act of the legislature; it is an inherent power in all courts to do right.

(Citation and punctuation omitted.) Hipp v. State, 293 Ga. 415, 416 (746 SE2d 95) (2013).

The trial judge made a factual finding that Tunkara did not understand what was transpiring during the trial. Based on this fact and "principles of justice and equity," the trial judge granted Tunkara's motion for new trial, relying on OCGA §§ 5-5-20 and 5-5-21. These two statutes apply to considerations about the weight of the evidence- the general grounds. Here, however, it is largely undisputed that the trial court's ruling was premised on a *special* ground- the inadequacy of the interpreter. As such, the trial court's discretion lies more squarely under OCGA § 5-5-25. That statute provides: "In all motions for a new trial on other grounds not provided for in this Code, the presiding judge must exercise a sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts." The inadequacy of an interpreter is one of the "other grounds not provided for in this Code." Accordingly, this statutory provision authorized the trial court to grant a new trial on this ground in this matter.

Although the trial court mistakenly cited the wrong statutory provisions in its order, the State actually conceded at the motion for new trial that the trial court could exercise its authority under OCGA § 5-5-25 in order to consider granting a new trial. The record shows that trial court employed this broad discretion to grant a new trial after a full hearing and the consideration of evidence, and we affirm that ruling under the right-for-any-reason rule. See, e.g., Mathis v. State, 279 Ga. 100, 102 (610 SE2d 62) (2005) ("[This Court] will affirm a trial court's ruling if it is right for any reason.")

Judgment affirmed. All the Justices concur.