**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: March 3, 2026

S26A0419. MITCHELL v. THE STATE.

PETERSON, Chief Justice.

Johnson Bell Mitchell appeals his convictions for malice murder and possession of a knife during the commission of a felony stemming from the stabbing death of his son, Shaun Mitchell.[1] On

---

[1] Shaun died on December 15, 2011. In March 2012, a Fulton County grand jury returned an indictment against Mitchell, charging him with malice murder, felony murder, aggravated assault, and possession of a knife during the commission of a felony. At a jury trial in January 2013, the jury found Mitchell guilty on all counts. Mitchell was sentenced to serve life in prison on malice murder and a consecutive five-year term for the possession count. The remaining counts were merged or vacated by operation of law. See *Leeks v. State,* 296 Ga. 515, 523–24 (2015). Mitchell, through counsel, timely filed a motion for new trial in February 2013, but it took 12 years for that motion to be resolved.

The record does not clearly show the reason for the inordinate delay, but Mitchell himself does not seem to be responsible. The record does not show that trial counsel formally withdrew from the case, but in 2014, Mitchell filed pro se motions asking for appointed appellate counsel and for a hearing on his motion for new trial. After he filed those pro se motions, Mitchell was appointed counsel. In January 2015, the trial court denied Mitchell's request for a hearing on the basis of precedent in effect at the time providing that

appeal, Mitchell argues that the trial court erred in refusing to consider his motion for immunity from prosecution under OCGA § 16-3-24.2, which he filed on the first day of his trial. He also argues that the trial court erred in overruling his objection to the prosecutor's statement in closing argument that Mitchell was a "mean drunk." We conclude that the trial court did not abuse its discretion in refusing to consider Mitchell's OCGA § 16-3-24.2

Mitchell did not have the right to be represented by counsel and also file motions on his own. But see *Johnson v. State*, 315 Ga. 876 (2023) (overturning precedent that pro se filings from represented individuals were legal nullities and holding that trial courts had the discretion to accept such filings). Several different counsel substituted in at various times as Mitchell's attorney; at least some of them appeared for status conferences over the years, and one filed an amended motion for new trial in 2019 that merely argued the general grounds and an evidentiary error. Another attorney began representing Mitchell in 2020, but waited five years, until June 2025, to file an amended motion for new trial that raised a sufficiency of the evidence claim. In August 2025, Mitchell's attorney waived an evidentiary hearing on the motion for new trial, and the court entered an order denying it. Mitchell timely appealed, and his appeal was docketed to this Court's term beginning in December 2025 and submitted for a decision on the briefs.

None of the claims raised in the motion for new trial or on appeal required the development of a record or the appointment of new, post-conviction counsel. Indeed, current counsel waived an evidentiary hearing on the motion for new trial. In short, there was no good reason for the substantial delay in resolving this post-conviction matter. We must say, yet again, that "it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." *Owens v. State*, 303 Ga. 254, 258 (2018).

2

motion under the circumstances. And because there was evidence to support the prosecutor's statements, the trial court also did not abuse its discretion in allowing the prosecutor's statements. Therefore, we affirm.

Viewed in the light most favorable to the verdicts, the trial evidence showed the following. Just after midnight on December 15, 2011, Mitchell and his adult son, Shaun, got into an argument in the kitchen of Mitchell's home. The argument began because Mitchell woke up his then-11-year-old daughter to clean the kitchen late at night and refused to permit Shaun's girlfriend to do it for her. The men began bumping into each other, and Mitchell pushed Shaun. Shaun then pushed Mitchell against a counter, at which time Mitchell grabbed a knife and repeatedly stabbed Shaun. One of the family members called 911, and during the call, Mitchell got on the phone and said, "I stabbed my son" because "he came at me and tried to jump on me." Shaun died as a result of a stab wound to his chest that penetrated his heart.

Mitchell was arrested. When he was being processed into the

jail, he reported that he had been drinking. Mitchell reported that he had one beer. One of Mitchell's children, who was present during the incident and observed the stabbing, testified that she observed several liquor bottles in Mitchell's room, including an open bottle, the morning after the fatal stabbing.

Mitchell's trial began on January 28, 2013, when the jury was selected and sworn. On the following morning, before any witnesses were called, the prosecutor informed the trial court that Mitchell had submitted a motion for immunity from prosecution under OCGA § 16-3-24.2. The prosecutor stated that if Mitchell wanted to have a hearing, Mitchell could testify "today," since he had the burden of proof. In response to a question from the trial court about the time limits for filing a motion, the prosecutor stated that the motion should have been filed at least 10 days before trial. The trial court ruled that the motion was not timely because the jury had already been selected and sworn and stated that Mitchell was free to argue self-defense during his trial. At trial, Mitchell called no witnesses and argued that he acted in self-defense.

4

1.    Mitchell argues that the trial court erred in refusing to consider his OCGA § 16-3-24.2 motion, because the statute contains no deadline to file an immunity motion. He argues that the trial court was wrong to rely on the deadlines imposed by the discovery statute, OCGA § 17-16-4,[2] because even if the deadlines under that statute applied, the harsh remedy of exclusion of evidence is a consequence for a discovery violation only upon a showing of bad faith and prejudice,[3] neither of which was shown here. But it is not clear that the trial court relied on OCGA § 17-16-4 in refusing to consider Mitchell's OCGA § 16-3-24.2 motion. The court merely said that it would not consider the motion because the trial was underway and did not reference the 10-day-before-trial argument raised by the State. And Mitchell has not shown that the trial court

---

[2] In criminal cases, when a defendant opts into reciprocal discovery, OCGA § 17-16-4 generally requires the State to make available certain evidence — among other things, relevant statements made by the defendant and evidence the State intends to use as evidence at trial — to the defendant no later than ten days prior to trial. That statute also requires the defendant to provide materials the defendant intends to introduce as evidence at trial within ten days of timely compliance by the State, but not later than five days prior to trial. See OCGA § 17-16-4(a), (b).

[3] See OCGA § 17-16-6.

5

abused its discretion in refusing to consider the motion at that point.

The statute at issue, OCGA § 16-3-24.2, provides that "[a] person who uses threats or force in accordance with Code Section 16-3-20, 16-3-21, 16-3-23, 16-3-23.1, 16-3-24, or 17-4-20 shall be immune from criminal prosecution," subject to an exception not raised here. Mitchell is correct that this statute does not say when an OCGA § 16-3-24.2 motion must be filed, including whether it must be filed pretrial. See, e.g., *Gude v. State*, 313 Ga. 859, 871 (2022) (noting that "nothing in the language of OCGA § 16-3-24.2 requires an immunity motion to be filed pretrial"); *State v. Remy*, 308 Ga. 296, 297 (2020) (same). Indeed, OCGA § 16-3-24.2 provides immunity beyond just the trial, as "prosecution" is defined as "*all legal proceedings by which a person's liability for a crime is determined, commencing with the return of the indictment or the filing of the accusation, and including the final disposition of the case upon appeal.*" OCGA § 16-1-3(14) (emphasis added). Because the immunity provided under OCGA § 16-3-24.2 extends beyond protection from trial, the plain text of the statute does not preclude

6

a defendant from filing a motion during or after the trial.

The State argues that we have held that OCGA § 16-3-24.2 motions must be decided prior to trial, citing to several cases in which we have said as much. But those cases were in a different posture and thus do not apply here. In our first case interpreting OCGA § 16-3-24.2, we held that the trial court erred in refusing to rule on the defendants' immunity motions that were filed *before* trial. *Fair v. State*, 284 Ga. 165, 166 (2008). We have often repeated *Fair*'s language that OCGA § 16-3-24.2 motions must be determined prior to trial. See, e.g., *State v. Sutton*, 297 Ga. 222, 225 (2015); *Hipp v. State*, 293 Ga. 415, 418 (2013); *Bunn v. State*, 284 Ga. 410, 412–13 (2008). But each of those cases addressed only motions that were filed before trial. We have never held that an OCGA § 16-3-24.2 motion is time-barred if it is filed after a trial starts. See *Gude*, 313 Ga. at 871 (declining to decide whether a motion filed near the end of the defendant's trial was untimely because the trial court alternatively ruled on the merits). Thus, the cases cited by the State only stand for the proposition that OCGA § 16-3-24.2 motions filed

7

before trial must be decided before trial, not that all OCGA § 16-3-24.2 motions must be filed before trial. See *Schoicket v. State*, 312 Ga. 825, 832 (2021) ("It is, of course, axiomatic that a decision's holding is limited to the factual context of the case being decided and the issues that context necessarily raises. Language that sounds like a holding — but actually exceeds the scope of the case's factual context — is not a holding no matter how much it sounds like one.").

That said, that the immunity statute does not itself impose a deadline for OCGA § 16-3-24.2 motions does not mean that the defendant's right to file such a motion is unfettered. Under OCGA § 17-7-110, "[a]ll pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court." The plain language of the statute sets out the general rule to file a pretrial motion — ten days after the date of arraignment — and provides that a trial court has the discretion to extend that deadline. See *Scott v. State*, 368 Ga. App. 310, 310–11 (2023) (under OCGA § 17-7-110, the trial court has the discretion to consider a motion filed

8

beyond the ten-day statutory deadline, but it is not required to do so). Cf. *Allen v. State*, 300 Ga. 500, 503 (2017) (refusing to consider merits of defendant's pretrial motion filed 21 months after ten-day statutory deadline where there was no indication trial court granted an extension). Nothing in the text of OCGA § 17-7-110 prevents its application to motions filed under the immunity statute. And Mitchell points to no other requirement, statutory or otherwise, that would force a trial court to accept an OCGA § 16-3-24.2 motion filed after OCGA § 17-7-110's ten-day period lapses.

As relevant here, Mitchell filed his motion after his trial started, clearly outside of the ten-day period set out in OCGA § 17-7-110, and the record shows no indication that he received an extension. Mitchell suggests that the trial court was nevertheless obligated to consider his immunity motion, regardless of when it was filed. But the only requirement we have held that the law imposes is for a trial court to decide *before* trial a motion that is filed *before* trial. Mitchell has identified no requirement, statutory or otherwise, that would force a trial court to consider before trial an OCGA § 16-

9

3-24.2 motion filed after OCGA § 17-7-110's ten-day period lapses. Thus, the requirement for a trial court to consider a pretrial OCGA § 16-3-24.2 motion was not triggered.

For OCGA § 16-3-24.2 motions filed after the ten-day period listed in OCGA § 17-7-110, a trial court has the discretion to consider them, but it is not required to do so. See OCGA § 17-7-110 (giving trial courts discretion to extend the deadline). Cf. *Gude*, 313 Ga. at 870 (trial court denied on merits an OCGA § 16-3-24.2 motion filed near the end of trial, as well as alternatively finding that motion was untimely); *State v. Smith*, 347 Ga. App. 289, 292 (2018) (seeing no plain error in trial court considering OCGA § 16-3-24.2 motion filed after the trial started). And given a trial court's wide discretion in how to conduct the trial,[4] Mitchell cannot show that the trial court abused its discretion in declining to delay the ongoing trial in order to hold a hearing and consider the merits of his OCGA

---

[4] See *Watkins v. State*, 278 Ga. 414, 415 (2004) ("No principle is better settled than that in the conduct of trials, both civil and criminal, a broad discretion is vested in the judge below, and that that discretion will not be controlled by this court unless it is manifestly abused." (quotation marks omitted)).

§ 16-3-24.2 motion.

Moreover, nothing precluded Mitchell from asking the trial court, after the conclusion of the trial, to revisit its prior ruling on his OCGA § 16-3-24.2 motion. In *Hipp*, 293 Ga. 415, we concluded that trial courts "retain the authority in criminal cases to change their interlocutory rulings prior to the entry of a final judgment." Id. at 417. This authority extends to rulings on an OCGA § 16-3-24.2 motion and allows a trial court to grant immunity before entry of a final judgment, even after a jury has rejected a defendant's claim of self-defense at trial. Id. at 418. There is no indication that Mitchell ever asked the trial court to reconsider its ruling on his OCGA § 16-3-24.2 motion after the jury returned its verdict and prior to the trial court's final judgment.

Moreover, Mitchell has not argued the merits of his self-defense claim, either to the trial court on his motion for new trial or on appeal. Despite arguing in his motion for new trial, as part of his general grounds claim, that his actions showed that he was guilty of voluntary manslaughter, rather than murder, he did not argue that

11

his actions were justified completely as a matter of self-defense, such that he would be not guilty of any crime. See *Demery v. State,* 287 Ga. 805, 809 (2010) ("[I]f [a defendant] is justified in killing under OCGA § 16-3-21 [self-defense], he is guilty of no crime at all." (cleaned up)). He also has not argued on appeal that the evidence showed that he acted in self-defense, even under a lower standard necessary to prevail on an OCGA § 16-3-24.2 motion.[5] In other words, Mitchell has had opportunities to continue arguing the merits of his self-defense claim before the trial court and before this Court, and has chosen not to. Under these circumstances, and given the lack of authority requiring it, Mitchell provides no compelling argument that we should vacate and remand to the trial court to

---

[5] We also note that the jury was fully instructed on self-defense, including the State's burden to disprove it beyond a reasonable doubt. See *Allen v. State,* 317 Ga. 1, 7 (2023). This standard is far more stringent for the State than the by-a-preponderance burden Mitchell would have had to carry if the trial court had heard his motion. See *Bunn,* 284 Ga. at 413 ("to avoid trial, a defendant bears the burden of showing that he is entitled to immunity under OCGA § 16-3-24.2 by a preponderance of the evidence"). As the Attorney General points out, Mitchell has not shown what, if any, evidence he would have offered in support of his immunity motion or how that evidence would have been different than the evidence presented at trial.

12

hold a hearing on his OCGA § 16-3-24.2 motion at this stage in the proceedings.

2. Mitchell next argues that the trial court abused its discretion in overruling his objection to the prosecutor's reference to Mitchell as a "mean drunk" in closing argument, because there was no evidence he was drunk at the time of the incident, let alone that he was mean when he was drunk. He also argues that because the trial court overruled his initial objection, the prosecutor was emboldened to continue an unwarranted and unsupported attack by repeatedly referring to him as a "mean drunk." We disagree that the court abused its discretion.

"A prosecutor has wide latitude in the conduct of closing argument, the bounds of which are in the trial court's discretion." *Ridley v. State*, 315 Ga. 452, 458 (2023) (cleaned up). Although a prosecutor "is prohibited from injecting into … closing argument extrinsic and prejudicial materials that have no basis in the evidence," *Kyler v. State*, 270 Ga. 81, 85 (1998), a prosecutor is allowed to argue inferences that can reasonably be made from the

13

evidence presented at trial, *Menefee v. State*, 301 Ga. 505, 515 (2017).

Here, Mitchell admitted that he drank on the night of the stabbing, and a witness said that there was an empty bottle of alcohol in his room. In the prosecutor's first "mean drunk" reference, the prosecutor argued that Mitchell was not attempting to avoid any serious bodily injury since he pushed Shaun first, and argued that "maybe [Mitchell's] just a mean drunk" given that his response to the verbal altercation was excessive and unjustified and showed a level of anger and malice. Given the evidence that Mitchell had been drinking, and the wide latitude a prosecutor has in its closing argument, we see no abuse of the trial court's discretion in overruling Mitchell's objection.

*Judgment affirmed. All the Justices concur.*